## No. 10,982.

### A. J. SEVIER ET AL. VS. MRS. MARY B. DOUGLAS.

The testator bequeathed a life estate to his wife, and directed that in case she, at the time of her death, left a child or children, his estate was to descend in fee simple to such child or children.

The testator having died the wife contracted a second marriage, of which the plaintiffs are the issue.

The child not conceived at the death of the testator is as incapable of receiving a conditional legacy as he is incapable of receiving a legacy pure and simple.

Under the French system, Art. 906 applies to conditional as well as to legacies pure and simple, and the legatee must exist at the testator's death.

Under the corresponding article of the Louisiana C. C. (1473), a legacy was limited to the number of children born at the testator's death, although left to all the children of a person named.

The suspensive condition of the legacy enured only to the benefit of the children *in esse* at the death of the testator. 3 An. 494.

As the right of usufruct expires at the death of the usufructuary, the heir does not receive by descent if the mother was a usufructuary.

If she became the owner, the legacy was null as a prohibited substitution.

And if it was not a prohibited substitution, having sold the land, her heirs can no recover it from the defendants, who held under the purchase from thei mother.

APPEAL from the Ninth District Court, Parish of Tensas.
    *Young, J.*

---

*Wade R. Young* and *Don Caffery* for Plaintiffs and Appellants:

The disposition by which the life estate, or usufruct, is given to one, and the fee or naked ownership to another, is not a substitution. A double disposition of heirs, depending upon a suspensive condition, does not present the features of a prohibited substitution. Succession Strauss, 38 An. 59.

When the donation depends on the fulfilment of a condition, it is sufficient if the donee is capable of receiving at the moment the condition is accomplished. C. C., Art. 1474.

The word *descend*, in the English system, is always used to distinguish an estate of inheritance, by operation of law, from an estate by devise, or will, or other species of gift or grant.

There is no substitution in the clause of a testament providing that if such a person, to whom one gives the usufruct of his property, shall at the time of her death leave a child or children, the property shall become her property and form part of her succession, and descend by operation of law to such child or children.

There is no prohibited substitution in the disposition by which a testator leaves the property of his succession, to be received by the legatee, after the death of another legatee of the usufruct, in case the latter shall die without leaving any issue. But when even the donee or legatee shall have received the property' but upon the condition not to alienate it, neither by act *inter vivos*, nor by act of last will, there is yet no substitution. Far from such a condition having for end and effect to change the legal order of successions, it assures to the contrary the transmission of the property to the heirs called by the law.

---

*Lemuel P. Conner, Jr.*, for Defendant and Appellee:

Substitutions and *fidei commissa* are prohibited by the laws of Louisiana. C. C 1520; 3 M. 485; 4 N. S. 45; 4 La. 502; 1 R. 118; 2 An. 377; 3 An. 432; Ibid. 494; 13 An. 574; 14 An. 585; 29 An. 120; 34 An. 557.

Where an instrument, executed in another State, is to have effect upon *immovables* in Louisiana, it must be interpreted and enforced according to the laws of the latter State. C. C. 10, 491; 2 R. 258; 2 An. 377; 10 An. 169; 30 An. 1017; 32 An. 388.

To be capable of receiving by donation or by last will, the donee, heir or legatee must be in existence, or at least conceived, at the time of the donation or the opening of the succession. So, where by last will, property is devised to one person for life or a term of years, with the direction that at the expiration of such estate the title is to vest in another not then in existence, and who is not in existence nor conceived at the death of the testator, such a disposition comes within the prohibition of our law, and is absolutely void. Authorities *ubi supra*.

---

The opinion of the court was delivered by

BREAUX, J.    Plaintiffs brought this suit to recover a tract of land described in their petition.

They allege that they are the children of Sarah H. Sevier, who died in 1891; that by a former marriage she was the wife of Arra Wilson, who died in 1833; at the time of his death he was the owner of the land claimed.

By his last will and testament he gave to his wife, who was their mother, by second marriage, a life estate in all his property.    The will contains directions and conditions which have given rise to this litigation.

The testator bequeathed to his wife all his estate, to have and to hold the same during her natural life, and, in order to enable her to live with convenience and comfort, he made it part of his will that she should enjoy as her own, subject to her control and disposal, all the interests, rents or profits to arise from the estate, and he provided that, should such income be insufficient to support her in the style suited to her condition in life, that an additional sum of five hundred dollars was to be annually allowed her by the judge of the orphans' court of Claiborne county.

The estate was to be under "her own control and management during her natural life, but in no case chargeable with any incumbrance or debt, except as above provided."

The testator directed that should his wife, at the time of her death, leave a child or children, his estate was to descend to them in fee simple, and in the event of their dying without issue or before attaining the age of twenty-one years, his estate was to revert to trustees, after deducting particular legacies, small in amount, to two nieces, and he directed that in case none "of the contingencies before mentioned prevent, that the whole of my estate    *    * which I may leave at the time of my death, shall, after the death of my wife, be secured in trust for the education of the poor children of Claiborne county."

The propositions are on the part of plaintiffs:

1. That the testator bequeathed to his wife the life estate or usufruct of all his property for the term of her natural life.

2. That if at her death she left a child or children, the property should descend in fee simple, or full ownership to such child or children.

3. That if at her death she left no child or children, the property should go to the persons designated as trustees, to be disposed of, and the proceeds devoted to charitable uses.

4. That if such child or children died without issue, or before attaining the age of twenty-one years, the property should revert to the trustees for charitable uses, and that the condition contemplated by the testator has happened, and the wife died leaving children.

The defendant contends that the testament is void.

1. Because the legacy of the life estate in favor of the wife and the ownership in favor of the children is a prohibited substitution.

2. That the legacy has failed, because the children were not in existence at the death of the testator.

The exception of no cause of action was maintained.

From this judgment plaintiffs appeal.

It being alleged in plaintiffs' petition that the will is valid in substance and form by the laws of Mississippi, in which State it was made, the allegation is taken as true, it being admitted by the exception, for the purpose of its trial.

The will being valid as to form, in the place where it was made, questions of form are not at issue.

Forms and the solemnities of instruments are governed by the lex loci.

But that rule does not hold in determining as to the capacity of an heir to receive immovable property by last will.

He must receive under the lex rei sitæ, it being a right of inheritance to be governed by the laws where the land lies.

It is not argued that one not in existence at the death of the testator is capable of receiving an unconditional legacy.

But that when the donation depends on the fulfilment of a condition, it is sufficient if the donee is capable of receiving, at the moment the condition is accomplished.

The child unborn at the testator's death is incapable of receiving a legacy.

The birth of the child or children was made the condition of the will and is pleaded as suspending the effect of the legacy until their birth, some time after the death of the testator.

In the succession of Strauss, 38 An. 59, referred to by plaintiffs' counsel, the amount given to the testator's grandchildren was on the condition of their attaining the age of majority.

In case either died his portion was to be received by the survivor on his attaining the age of majority.

In case the children died before reaching the age of majority certain charitable institutions were instituted universal legatees.

The question for determination was not as to the incapacity of the children to receive, because of their non-existence at the time of the testator's death, for all the legatees were alive, but as to whether the suspensive condition was a prohibited substitution.

The court held that it was not. The institution of the heirs depended upon a suspensive condition among legatees capable of receiving at the time of the disposition.

The suspensive condition was not accomplished after the death of the testator.

The questions involved and discussed in the succession of Law, 31 An. 456, do not apply to conditional legacies such as the one under consideration. It was decided in that case that the disposition of the property "to be used, enjoyed and occupied" during the life of the legatee was the legacy of the usufruct.

That the legacy of this property and the suspensive condition caused by the usufruct was not a prohibited substitution.

In the case under consideration it is contended that the legacy is conditional, and that it is sufficient if the heir is capable of receiving at the time the condition is fulfilled.

The question would not present great difficulty were it an application of the principles of Art. 1474, to a conditional legacy, to one *in esse;* at the death of the testator, such as, for instance, a legacy to a *femme sole* dependent upon her marriage, or to an infant *en ventre sa mere,* for in that event, by the marriage or the birth, the condition is accomplished for the benefit of a person existing at the time the testator died.

It does not conclusively appear that it was the will of the testator to bequeath his estate to children born of another marriage by his widow, subsequent to his death.

*He bequeathed to the children of his wife.* In the second place, the future event, as it resulted, is a condition violative of the article of the Civil Code which provides that the capacity to receive must exist at the opening of the succession. The French system is invoked. We have not found that it sustains plaintiffs' contention.

The proposition is broadly announced by Fuzier Hermann and a number of authorities are quoted in its support; "that jurisprudence "the most recent maintains the general rule that the child not con-"ceived at the death of the testator is incapable of receiving a con-"ditional legacy, as he is incapable of receiving a legacy pure and simple." Vol. 2, of Codes Annotes, Article 906, note p. 455.

"If it is sufficient in matters of conditional legacies that the "legatee exist at the moment of the fulfilment of the condition, it "would not be difficult to elude Article 906 of the Code (to which "Article 1473 of our Code corresponds) by a condition postponing "indefinitely the date of the existence of the legatee." Ib.

It is true, says the commentator, that we recognize generally
39

under Article 1040 of the Code (1698 of our Code) that in conditional legacies it suffices that the legatee be ]capable of receiving at the moment that the condition is accomplished. "The induction which that article furnishes, although in the main correct, does not justify a derogation from the special rule of Article 906 (1473 of C. C.) as to the necessity of the existence of the legatee at the death of the testator." Aubry and Rau., Vol. 7, p. 24.

"It is sufficient, under Article 906, if the capacity to receive exists at the death of the testator. What should be the decision if the legacy is conditional? The question is not free from doubt." Says Laurent, Vol. 2, p. 207, Sec. 159: "The law requires that the legatee shall exist at the death of the testator for the reason that the right of the former dates from that epoch. When the legacy is conditional the right dates from the time it is accomplished; must we not conclude that it suffices to be conceived at that moment?

"The opposite decisions are generally followed."

"Article 906 generalized the disposition of the ordinance of 1735, " which prohibits the institution of heirs not conceived. D'Aguesseau " explains the motive which prevailed in departing from a doctrine " which had received the sanction of jurisprudence."

The first capacity required is the existence of the legatee. "It was objected that in conditional legacies the fulfilment of the condition had a retroactive effect, from which it followed that the instituted heir was to be considered capable of receiving from the date of the death of the testator." Ib.

" D'Aguesseau replies to the objection, that this fiction can not " have any effect; is it not possible to maintain that a child not con- " ceived is conceived?"

"The ordinance applied only to instituted heirs, and, thus limited, " the disposition explains itself; at the death of the testator the " heredity must rest on some one." Ib.

Article 906 applies to conditional as well as to legacies pure and simple. Court of Cassation, 4th February, 1884. (Journal du Palais, p. 1059.)

Fisk vs. Fisk, 3 An. 494, is an analogous case. The testator bequeathed an amount to be divided, at the death of the legatee, equally among the children of a younger brother. At the decease of the testator only two of the plaintiffs were born.

Sevier et al. vs. Douglas.

The court holds that under the terms of the will, and in accordance with the provisions of the C. C., Arts. 1457, 1458, 1459 and 1469, the children living at the decease of the testator can alone take under the title. Those born after the death of the testator but within the condition of the legacy were excluded from the benefit of the legacy.

We prefer to adhere to these principles. They are sustained by the weight of French jurisprudence. We have not found a case, before this court, extending the effect of a condition to an uncertain future after the death of the testator and thus suspending the fee simple or ownership of property.

An alternative plea is presented by plaintiffs. It is urged that if plaintiffs not being born or conceived at the death of the testator can not take by devise from him, by disposition of the will; the property has descended to them, as an estate of inheritance from their mother.

They allege that their mother entered into possession of the land as usufructuary.

Should it be held that the mother had the usufruct of the property, under the will, it did not on her death pass to the heirs. It does not confer any rights upon them.

The right of the usufruct expires at the death of the usufructuary. C. C. 606.

Should we, on the contrary, decide that the bequest constituted an ownership and vested the property in the mother, the case would fall within the prohibition, and the question would be within the grasp of the article of the Code which prohibits the vesting of property in one person to vest in another at the death of said person.

The principles laid down in Marshall vs. Pearce, 34 An. 555, would then apply. "This implies necessarily the charge to preserve and return, and under the imperative mandate of C. C. 1520 the disposition must be declared null."

Either the usufruct was bequeathed to the mother or the ownership with the charge to preserve and return. It must necessarily be one or the other. The plaintiffs are without right in either contingency.

Lastly, if not a prohibited substitution, their ancestor having sold the land, her heirs can not recover it from the defendants who hold under the purchase.

Judgment affirmed at plaintiffs' costs.