No. 13,778.

MRS. IONA VINSON, TUTRIX, vs. W. J. VINSON, INDIVIDUALLY AND AS
TUTOR.

## SYLLABUS.

1.  Plaintiff sought to compel the defendant to account to her as tutrix for an
    heir's portion of an amount collected on a policy of insurance. The defend-
    ant individually and his wards are named in the policy of insurance as the
    beneficiaries. The heir for whom plaintiff claims was not born when the
    policy was issued and is not entitled to an heir's portion of this policy, for
    the right of recovery is in the beneficiaries alone. Plaintiff is without right
    to have the amount collated, on the ground that it was an advance to these
    heirs on their inheritance, and, in consequence, subject to collation. The
    amount of the policy was never owned by the insured, who was the father of
    plaintiff's ward and of the defendant. It was a right in the beneficiaries
    named which was separate from the estate. It was not an amount given or

bequeathed with the intention of having it returned to the estate.

2. Tutors must be especially authorized by a family meeting to bring suit for a partition of the effects of a succession. The want of authorization was cause to dismiss the action in so far as it was for a partition of the realty of the estate.

3. In the suit for a partition, the right and liability of the parties in interest are to be considered and final settlement made.

APPEAL from the Sixth Judicial District, Parish of Ouachita— *Hall, J.*

*Andrew Augustus Gunby* for Plaintiff, Appellant.

*Stubbs & Russell* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J.   Plaintiff brought suit for a partition of property owned in part by her and her co-heirs for her portion of the proceeds of a sale of property and to compel her co-heirs to collate the amount of a life insurance policy.

The late M. A. Vinson died in November, 1899. He left as heirs five children—(1) William J. Vinson, a major, issue of his first marriage with a wife who departed this life in 1885, (2) Grover W., (3) Rose E., and (4) Alice E. Vinson, issue of a second marriage, the wife of which marriage died in 1892, and (5) John McIntosh Vinson, issue of a third marriage with Iona Hill in 1898. The surviving widow of this last marriage as tutrix of her minor child is the plaintiff in this suit.

The defendant having been recommended to be appointed tutor of the minors Grover W., Rose E., and Alice E. Vinson, without bond, took the oath and obtained letters of tutorship. He also made application to be appointed as administrator and met with opposition on the part of the surviving widow. He paid a small amount she claimed and, so far as the records disclose, matters remained *in statu quo* between plaintiff and defendant to the date that she brought the instant suit.

On the trial, the testimony established that defendant had collected a policy of insurance. Plaintiff avers, regarding this policy, that her late husband had insured his life in favor of W. J. Vinson and the three children of his second wife for the sum of three thousand dollars. This policy defendant admits he collected, and alleges that it is for account of himself and the children of the second marriage. Plaintiff

seeks to recover an heir's interest in the amount collected on the policy
of insurance and to this end demands that the heirs named in the policy
be ordered to collate the amount they have received as beneficiaries.
Plaintiff also sues for an heir's share of the money received from the
proceeds of the sale of personal property and for a partition of the real
estate. The defendant, in substance, denies that plaintiff is entitled
to the relief claimed.

Plaintiff recovered judgment for two hundred and forty dollars and
interest and her ward was decreed entitled, as one of the heirs of M.
A. Vinson, to one-fifth of the property belonging to the succession and
specially referred to in the judgment, and one-tenth of land known as
the Wallace place. The judgment dismissed plaintiff's demand for a
partition, but reserves to her the right to sue for a partition on behalf
of her ward when legally authorized. From the judgment, plaintiff
prosecutes this appeal.

In the first place, we take up for decision the complaint directed
against the judgment on the ground that it is erroneous for the reason
that the claim set up by plaintiff to one-fifth of the proceeds of the
policy of insurance was not recognized, and on the further ground that
is a corollary of the first, that the heirs named in the policy should be
compelled to collate.

A definition of the contract of insurance preliminarily will assist us
in reaching a conclusion on the issue presented. It is a contract having
in view the payment of a sum of money at the death of the insured in
consideration of the payment of the premium stipulated. The condition
of the payment of premium has in view the future acquisition by the
beneficiary of a stated amount. It is not to be held as part of insured's
estate. It must be paid directly to the beneficiary. The administrator or
other legal representative of the estate has no claim upon the proceeds of
a policy payable to the children, as the amount realized is theirs directly
by the terms of the policy. There is no question before us regarding
the premiums paid by the insured and for that reason we pass the ques-
tion without commenting upon the indebtedness *vel non* of the bene-
ficiaries as to the amount these premiums aggregate, but as to the
amount of the policy, the decisions of this court have uniformly held
that it is due to the beneficiary at the death of the insured. Only re-
cently it was held that creditors are not entitled to the proceeds of a
policy payable to the wife. The rights of the children as beneficiaries
are not different from those of the wife. Putnam vs. Ins. Co., 42 Ann.

739; Hall vs. Toussaint, 52 Ann. 1763. The question is not *res nova* and we have found no good reason not to adhere to the views heretofore repeatedly expressed.

Plaintiff invokes the laws regarding collation as affording ground to compel the beneficiaries to account to plaintiff for an heir's portion. Turning to the Articles of the Civil Code, we find that they set forth collation as being the supposed or real return to the mass of the succession which the heir is required to make of property which he has received beforehand on his share in order that it may be divided with the other effects of the succession. This implies a right in the estate to collation of property owned by the *de cujus*. It arises from the fact that it is considered as having passed from him to the heir. Here there is nothing of the sort. The right to recover was always in the heirs who are beneficiaries of the policy. In our view, the perfect equality sought among the heirs is the equality which requires ordinarily that there shall be an equal division of the property among the heirs. This does not embrace the amount of the policy which never belonged to the one from whom the heirs inherit and that was not, in the eye of the law, obtained from him, and therefore was not transmitted as a right to his estate to compel collation. The Code expressly and clearly declares that the obligation of collating is found in the equality which must be observed among the lawful descendants in dividing the inherited estate, on the presumption that what was given or bequeathed to children by their ascendants was so disposed of in advance of what they might one day expect from the succession. C. C. 1229. The presumption does not arise here. There was no gift of any kind made and no benefit conferred by the policy of insurance which, under our jurisprudence, can be considered as a gift or benefit subject to demand for return by the co-heir not named in the policy and who was not born at the time it was issued. There is no possible *vinculum juris* between the beneficiaries and the succession by which this amount can be made to figure as part of the assets of the succession. The law regarding collation cannot be construed so as to include a child born after the policy was issued in favor of others.

We will not discuss the subject much further, for if the proposition be correct that the amount recovered on the policy here is no part of the estate (we do not conceive it possible to arrive at any other conclusion under our jurisprudence), then we must conclude that the insurer never intended it as a donation or as an *avancement d'hoiri,* or advance-

ment on the hereditary share of the beneficiaries, to be returned to his estate for partition. In our view, when one takes out a policy as here, it must be inferred that it was taken out with knowledge of the law regarding insurance and that his intention was that it should not be collated, an intention to which we cannot do less than give effect in the pending suit.

This brings us to a consideration of the demand of plaintiff for a partition to which defendant filed no plea in opposition. The defense, in the briefs, points out that no partition could have been ordered for the Wallace place without making all parties in interest parties to the proceedings. It seems that the place is not the property of these heirs exclusively, and the other owners are not before the court. As to the remaining real estate, it was especially urged in argument that the provisions of Article 1312 C. C. must first be complied with before instituting suit for a partition. The inconsistency pointed out by energetic counsel for plaintiff between the text of Article 1312 C. C. and the provisions of Articles 1023 and 1024 C. P. is not irreconcilable.

The condition precedent to the suit for a partition is advice of a family meeting; it is not inconsistent with the authority to sue as provided in the Code of Practice. They can well be construed together as one controlling law when suit is brought in the name of the minors for the partition of the effects of a succession. Although no formal objection was urged against the partition, in our view, it was competent for the judge *a quo*, minors being concerned, to withhold judgment until all the parties are before the court.

In matter of detail, plaintiff urges that there are errors in the judgment which should be corrected on appeal. The difference between the amount allowed by the judgment and that which plaintiff claims for property disposed of by defendant individually is not large. Among the amounts claimed is a small amount collected as rent.

Defendant will have to render an account of all sums for which he has not heretofore been charged, as the affairs of the estate are not yet finally closed. Plaintiff further insists that the items due on account of private and unauthorized sales by defendant should be charged to him individually and as tutor. These sums were realized by him on his individual account and we do not see our way clear to charging these sums to the minors who are not shown to have been benefited by these unauthorized sales of personal property of the estate. We have not found that plaintiff can be prejudiced in her rights, for the court

has the authority to compel the defendant, in matter of the contemplated partition, to account for all property, if not already charged to him.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.

PROVOSTY, J., takes no part, this case having been submitted prior to his taking his seat on this bench.