(118 So. 35)

No. 29193.

## SHERWOOD v. NEW YORK LIFE INS. CO. et al.

July 2, 1928.

Frederick C. Querens, of New Orleans, for appellant Sherwood.

Nicholas Callan, of New Orleans, for appellee Todd and others.

Louis H. Cooke, of New York City, and Montgomery & Montgomery, of New Orleans, for appellee New York Life Ins. Co.

LAND, J. In June, 1907, John R. Todd, Sr., died intestate in the parish of St. Mary. He left surviving him eight children; the issue of his marriage with Fannie L. Mayer, whose death occurred in 1914.

In March, 1905, John R. Todd, Sr., insured his life in the New York Life Insurance Company in five separate policies of $10,000 each, and named as his immediate beneficiaries Annie E. Todd, wife of Edward S.

Bres, Nathan K. Todd, James M. Todd, Rudolph A. Todd, and Fannie Louise Todd.

The five children named above were given separate policies of $10,000 each under similar conditions. The remaining three children, Dudley M. Todd, John R. Todd, Jr., and Ethel Todd, wife of P. A. Johnson, were left no policies; but, in the event of the death of any one of the beneficiaries named in each of the policies, these last-named children were designated, together with each of the surviving beneficiaries, as secondary beneficiaries, entitled to share equally in the proceeds of the insurance to be paid thereafter.

Fannie Louise Todd died intestate September 6, 1924, leaving as the sole surviving issue of her marriage with Ralph E. Sherwood, the minors, Dorothy Sherwood and Ralph E. Sherwood, Jr.

After the death of their mother, the beneficiary, defendant company refused, under the terms of the policy and of the certificate issued to Fannie Louise Todd, to make further payments to Ralph E. Sherwood, natural tutor of the minors, on the ground that they were not the beneficiaries named in the policy and certificate issued to their mother.

Plaintiff's suit, as natural tutor of the minors, to enforce their asserted claims under the policy and certificate in question was dismissed upon exceptions of no cause of action filed by defendant company, the surviving beneficiaries in the policies, and the secondary beneficiaries therein named, the heirs of John R. Todd, Sr., and Fannie L. Mayer, deceased.

The natural tutor of the minors has appealed from the judgment rendered against him.

In each of the five policies issued, defendant company agrees to pay $10,000 to the executors, administrators, or assigns of the insured, or to such beneficiary as may have been designated in the manner provided in the policy, as follows:

"First. Five thousand dollars in equal semiannual installments of one hundred and twenty-five dollars each, the first semiannual installment to be paid immediately upon receipt and approval of death of John R. Todd, Sr., the insured, if such death shall occur before the end of the endowment period of this policy, and the subsequent installments to be paid semiannually thereafter, until forty semiannual installments shall have been paid; and,

"Second. Five thousand dollars in cash, six months after the payment of the Fortieth semiannual installment as aforesaid."

As to change of beneficiary, it is provided in the policy that:

"The insured may change the beneficiary at any time and from time to time, provided this policy is not then assigned. The insured may, however, declare the designation of beneficiary to be irrevocable; during the lifetime of an irrevocably designated beneficiary, the insured shall not have the right to revoke or change the designation of that beneficiary. If any beneficiary or irrevocably designated beneficiary dies before the insured, the interest shall rest in the insured. Every change, designation, or declaration must be made by written notice to the company at the home office, accompanied by this policy, and will take effect only when indorsed on this policy by the company."

The original beneficiary, "the executors, administrators, or assigns of the insured," in each of these five policies, was changed to the names of each of the five children of the insured, and, in the case of Fannie L. Todd, the mother of the minors instituting the present suit, the certificate indorsed on the policy reads as follows:

"By written notice to the company the insured has changed the beneficiary of this policy as follows: If this policy shall become a claim by death during the lifetime of Fannie L. Todd, insured's daughter, for ten thousand dollars, payable in installments in the manner stated in the policy, the company shall pay five thousand dollars in forty semiannual installments of one hundred and twenty-five dollars each, to the said Fannie L. Todd, *and the final payment of five thousand dollars in cash shall be made to* Ethel L., John R., Jr., Dudley M., Annie E., Nathan K., James, and Rudolph A. Todd, insured's children, share and share alike, *survivors or survivor*, or if there be no such survivor, *to*

*the executors or administrators of the last sur-viving beneficiary.* If said Fannie L. Todd shall die before the insured, then the said forty semi-annual installments of one hundred and twen-ty-five dollars each shall be paid to Ethel L., John R., Jr., Dudley M., Annie E., Nathan K., James, and Rudolph A. Todd, insured's children, share and share alike, *and upon the death of any, to the survivors or survivor, and upon the death of all, the remaining installments and the final installment shall be commuted and paid in one sum to the executors or administrators of the last survivor of them.* If the said Fannie L. Todd shall die *after insured,* and *before* forty semiannual installments shall have been paid, *the remainder of said installments shall be paid* to Ethel L., John R., Jr., Dudley M., Annie E., Nathan K., James, and Rudolph A. Todd, *insured's children, share and share alike,* and, upon the death of any, to the survivors or sur-vivor, and, upon the death of all, the remaining installments and the final installment shall be commuted and paid in one sum to the executors or administrators of the last survivor of them. If all of the beneficiaries shall die before in-sured, the installments payable under this pol-icy shall be commuted for a single payment of sixty-five hundred dollars, and paid in one sum to insured's executors or administrators. June 7, 1905." (Italics ours.)

The complaint of plaintiff, as to the par-ticular policy of Fannie Louise Todd, is that defendant company has illegally refused to pay to. the minor children of deceased the semiannual installments maturing in the years 1924, 1925, and 1926, and the remain-der of the principal sum alleged to be due to him, as tutor of his minor children.

Plaintiff, as natural tutor of the minors of Fannie Louise Todd, contends:

(1) That she became vested with the en-tire ownership of the proceeds of the policy in which she was named as beneficiary, and that accordingly the proceeds became part of her separate estate, which her children inherited.

(2) That the stipulations in the policy in favor of the surviving brothers and sisters of Fannie Louise Todd are void, for the rea-sons that the effect of these stipulations is to deprive the minor children of Fannie Louise Todd of their inheritance, as they

attempt to create a prohibited substitution, and a trust or fiduciary bequest, in violation of the laws of the state.

In the alternative, plaintiff attacks all of the policies on the grounds:

(1) That they constitute donations or gifts to the beneficiaries named therein, and be-stow extra portions upon the beneficiaries, beyond their légitime, for which the ben-eficiaries are obliged to collate.

(2) That the stipulations in these policies attempt to create prohibited substitutions and fidei commissa.

▆ The issues above presented under the exceptions of no cause of action are by no means res nova in this state. It is the set-tled jurisprudence of this court that life in-surance policies are neither donations inter vivos nor mortis causa, and that the provi-sions of the Civil Code relative to donations and collation will not be applied to such policies. Pilcher v. Ins. Co., 33 La. Ann. 322; Putnam v. Insurance Co., 42 La. Ann. 739, 7 So. 602; Lambert v. Ins. Co., 50 La. Ann. 1027, 24 So. 16; Suc. of Roder, 121 La. 694, 46 So. 697, 15 Ann. Cas. 526; Suc. of Kugler, 23 La. Ann. 455; Suc. of Hearing, 26 La. Ann. 327; Suc. of Clark, 27 La. Ann. 269; Suc. of Bofenschen, 29 La. Ann. 714; In re Crane, 47 La. Ann. 896, 17 So. 431; Suc. of Emonot, 109 La. 359, 33 So. 368; Alba v. Provident Savings Life Assurance Society, 118 La. Ann. 1022, 43 So. 663; Toussant v. National Life & Accident Ins. Co., 147 La. 978, 86 So. 415; Douglass v. Equitable Life Assurance Society, 150 La. 519, 90 So. 834; Vinson v. Vinson, 105 La. 30, 29 So. 701.

▆ It is well settled also that the proceeds of such policies form no part of the estate of the deceased and inure to the beneficiary directly and by the sole terms of the policy itself. Vinson v. Vinson, 105 La. 30, 29 So. 701; Suc. of Roder, 121 La. 694, 46 So. 697, 15 Ann. Cas. 526; Sevier v. Douglas, 44 La. Ann. 611, 10 So. 804.

"A man may take out a policy of insurance on his life in the name of any one, or, having taken it out in his own name, he may * * * transfer it to whom he pleases." Suc. of Hearing, 26 La. Ann. 326; Suc. of Clark, 27 La. Ann. 269; Pilcher v. N. Y. Life Ins. Co., 33 La. Ann. 322; Putnam v. N. Y. Life Ins. Co., 42 La. Ann. 739, 7 So. 602; Lambert v. Penn Mut. Life Ins. Co., 50 La. Ann. 1027, 24 So. 16.

In Alba v. Provident Savings Life Assurance Society of New York, 118 La. 1022, 43 So. 663, the syllabi read as follows:

"Where, by agreement between the insurer and the assured, a beneficiary is named in a policy of life insurance, subject, however, to the expressed condition that the assured may thereafter, at any time, upon notice to the insurer, change such beneficiary, the original beneficiary has no standing to interpose between the contracting parties, and prevent the assured from exercising the right thus secured to him by his contract.

"Upon the original beneficiary, named in a policy of life insurance which authorizes the assured to change the beneficiary at any time is the wife of the assured, and the assured thereafter changes the beneficiary and assigns the policy to the person whom he substitutes for the wife, the question of the validity of the change and assignment so made is one that, in no manner, concerns a minor child, issue of the marriage between the assured and his said wife."

■ The minor children of Fannie Louise Todd did not inherit from her as deceased beneficiary, as her estate acquired nothing under the policy at the date of her death, since at that date, under the express terms of the policy, all unpaid installments reverted to her surviving brothers and sisters as the sole beneficiaries designated in the policy.

The contract, or policy of insurance, being lawful, and the change in the beneficiary being correct in form, the proceeds must go to the beneficiaries last named.

The intention of the parties to the contract is clear and must prevail. We cannot defeat that intention by applying to the contract provisions of law governing contracts of a different nature.

For these reasons, the exceptions of no cause of action tendered by defendants in the lower court were properly maintained.

Judgment affirmed.

O'NIELL, C. J., takes no part.