No. 3733

Second Circuit

————

PEARCE v. NATIONAL LIFE & ACCIDENT INS. CO. ET AL.

————

(January 31, 1930.   Opinion and Decree.)
(March 24, 1930.   Rehearing Refused.)

————

Edward Barnett, of Shreveport, attorney for plaintiff, appellant.

Wilkinson, Lewis, Wilkinson & Burford and Mabry & Carstarphen, of Shreveport, attorneys for defendants, appellees.

ODOM, J. On February 1, 1929, the National Life & Accident Insurance Company, of Nashville, Tenn., issued its usual policy of insurance on the life of James Collin Pearce for $2,000, in which Mrs. Emma Jane Pearce, mother of the insured, was named beneficiary. The provisions of the policy pertinent to the issues involved in this suit are as follows:

"(1) *Beneficiary.*—Emma Jane Pearce, mother of said employee. If there be no beneficiary living at the death of said employee the amount of insurance shall be paid to the executors, administrators or assigns of said employee.

"(2) (The beneficiary may be changed in accordance with the terms of the policy by said employee at any time while the insurance on his or her life is in force by notifying the company. Such change shall take effect when due acknowledgment thereof is furnished by the company to such person insured and all rights of his or her former beneficiary .or beneficiaries shall thereupon cease.)"

James Collin Pearce, the insured (called employee in the policy), died intestate on July 10, 1929, on which date his mother, Mrs. Emma Jane Pearce, the beneficiary under the policy, was living.

The present suit was brought by Mrs. Ida May Pearce, the surviving spouse of deceased, who was living in community with her husband at the time of his death.

She brought the suit on behalf of herself and her two minor children, issue of the marriage and the sole heirs of deceased. She alleges that the policy was issued during her marriage with deceased and during the community which existed between them, and that at the time of the death of her husband the policy of insurance was in full force and effect; that she and her children are entitled to the proceeds and avails of said policy, which belong to the community; that the designation of the mother of deceased as beneficiary under the policy was illegal, null, void, and of no effect, being a gratuitous donation inter vivos, not made in due legal form, not accepted by the donee, and being a divestiture by deceased of all his property.

She prayed that· she have judgment in favor of herself and minor children against both the insurance company and Mrs. Pearce, the beneficiary, "decreeing the pretended designation of beneficiary in said policy to be null, void, and of no effect," and judgment . against the insurance company "for the sum of two thousand dollars with legal interest from judicial demand."

Plaintiff does not allege that her husband, the insured, exercised his right to change the beneficiary named in the policy, and the petition affirmatively shows that the beneficiary named therein was living at the death of the insured.

Mrs. Pearce, the beneficiary, and the insurance company, filed exceptions of no cause and no right of action, which were sustained by the lower court, and plaintiff appealed.

### OPINION

1. Plaintiff alleged, and counsel now contends, that the naming by the insured of Mrs. Emma Jane Pearce, his mother, as

beneficiary under the policy, was null, void, and of no effect, as he had living at that time, a wife and minor children dependent upon him for support. But counsel cites no authority in support of his contention that the insured could not legally insure his life in favor of his mother, or any one else, even though he had a living wife and minor children dependent upon him for support.

The authorities which we have found are all against plaintiff's contentions.

"A person may, in good faith and without fraud, collusion or an intent to enter into a wagering contract, lawfully take out a policy of insurance on his own life and make the benefit payable to whomsoever he pleases, either himself or his estate or a third person, regardless of whether or not the latter has an insurable interest; insured has an unlimited insurable interest in his own life which is sufficient to support the policy; and except in some jurisdictions the transaction is not contrary to statute or public policy." 37 Corpus Juris, 389, sec. 53, and numerous authorities there cited.

In the case of Succession of Hearing, 26 La. Ann. 326, our Supreme Court said:

"A man may take out a policy of insurance on his life in the name of any one, or having taken it out in his own name, he may, with the consent of the assurers, transfer it to whom he pleases."

This holding was approved in the case of Stuart vs. Sutcliffe et al., 46 La. Ann. 240, 247, 14 So. 912, 915, where the court, after quoting the above passage from the 26th Louisiana Annual case, said:

"We are in accord with that opinion."

The holding was again affirmed in the case of New York Life Insurance Co. vs. Murtagh et al., 137 La. 760, 69 So. 165, where the court cited with approval cases from other jurisdictions.

2. It is contended that the naming of Mrs. Emma Jane Pearce, mother of insured, as beneficiary under the policy, was a donation to her by the insured. The settled jurisprudence of this state is against this contention. In the very recent case of Sherwood vs. New York Life Insurance Co., 166 La. 829, 118 So. 35, 37, where the identical point was at issue, the court said:

"The issues above presented under the exceptions of no cause of action are by no means res nova in this state. It is the settled jurisprudence of this court that life insurance policies are neither donations inter vivos nor mortis causa, and that the provisions of the Civil Code relative to donations and collation will not be applied to such policies."

3. In the policy of insurance here involved, the insured reserved the right to change the beneficiary at any time while the insurance was in force, and counsel contends that under this reservation the beneficiary never had any vested right therein. That is unquestionably true, as is shown by the following authorities: 37 Corpus Juris, page 43, sec. 142; Dorsett vs. Thomas, Bank Examiner et als., 152 La. 60, 92 So. 734; Pollock vs. Pollock, 164 La. 1077, 115 So. 275.

Many other decisions to this effect might be cited, not only by our own courts, but by courts of other jurisdictions. But because that is true is no reason why it should be held that in this case the proceeds of the policy on the life of the insured should be paid to his estate, instead of to his mother who was named beneficiary.

It has been repeatedly held that "a contract of insurance, like every other con-

tract, is the law between the parties, and every stipulation therein must be construed as written." Dorsett vs. Thomas, supra.

This contract of insurance names Mrs. Emma Jane Pearce, mother of the insured, as beneficiary. So long as the insured lived, the beneficiary had no vested right in the policy, because the insured reserved the right to name another. But the right to change the beneficiary was never exercised by the insured, and therefore the mother was the beneficiary under the policy when the insured died, and, while she had acquired no vested rights under the policy before, her rights thereunder became vested, fixed, the moment the insured died. This, it seems to us, is too plain for argument.

In the case of Dorsett vs. Thomas, supra, where a similar point was involved, the court said:

"Of course, if Lacombe (the insured) had died before the First National Bank went out of existence, that bank would eo instanti have acquired a vested right in the policies, would have been entitled to recover the face value of the same."

And the court further said:

"It is an universally accepted principle in all jurisprudence that in any life insurance policy where the right is reserved to the insured to change his beneficiary, such as is stipulated in these policies, no beneficiary can acquire a vested right until after the happening of the condition on which they were issued; that is, after the death of the insured."

In the case of New York Life Insurance Co. vs. Murtagh, 137 La. 760, 69 So. 165, 167, the court said:

"The rights of the beneficiary were fixed at the death of the insured, and could not be affected by any subsequent acts of the insurance company, *or the personal representatives of the deceased.*" See Douglass vs. Life Assur. Soc., 150 La. 519, 90 So. 834.

"The proceeds of a life insurance policy in which a third person is named beneficiary belong exclusively to such beneficiary as an individual; they are not the property of the heirs of insured, are not subject to administration, and can not properly be claimed or received by the administrator or other legal representative of insured as assets of his estate." 37 Corpus Juris, 566, sec. 323; Succession of Emonot, 109 La. 359, 33 So. 368; Succession of Le Blanc, 142 La. 27, 76 So. 223, L. R. A. 1917F, 1137.

The proceeds of a life insurance policy in favor of a third party form no part of the estate of the insured at his death. In the very recent case of Sherwood vs. New York Life Insurance Co., 166 La. 829, 118 So. 35, 37, the court said:

"It is well settled also that the proceeds of such policies form no part of the estate of the deceased and inure to the beneficiary directly and by the sole terms of the policy itself." Vinson vs. Vinson, 105 La. 30, 29 So. 701; Succession of Roder, 121 La. 694, 46 So. 697, 15 Ann. Cas. 526; Sevier vs. Douglas, 44 La. Ann. 611, 10 So. 804.

The contract of insurance, the policy, in this case provided that, "if there be no beneficiary living at the death of said employee (insured), the amount of insurance shall be paid to the executors, administrators or assigns of said employee." The beneficiary named in the policy was living when the insured died, and it follows necessarily that the proceeds thereof must be paid to her.

The judgment appealed from is correct, and is accordingly affirmed, with costs in both courts.