This appeal involves a claim on a policy of insurance commonly termed a "hospitalization policy." The policy was applied for on November 6 and was issued on November 19, 1946, and insured Mrs. Mary M. Taormina against loss incurred by hospital expenses while the policy was in force as the result of "(1) * * *, (2) sickness or disease contracted and beginning after this policy has been maintained in force for thirty days from its date, * * *"
Plaintiff, who is Mrs. Taormina's executor, brings this suit against the insurance company, alleging that the insured was hospitalized during 1946 and 1947, and that the insurer is liable for her hospital expenses (amounting to $335.00 as per stipulation of counsel), which defendant has declined to pay.
The only defense urged is that Mrs. Taormina's hospital bills were not covered by the contract, because the sickness or disease necessitating the expense was contracted and began prior to the issuance of the said policy.
Plaintiff recovered judgment for the above amount, and the defendant has taken this appeal.
The following facts are conceded: on December 29, 1946, Mrs. Taormina vomited blood; her physician made a tentative diagnosis of peptic ulcers and ordered her removal to the hospital, where she remained until January 13, 1947. She experienced another hemorrhage on February 3, 1947, and the physician adhered to his former diagnosis. Again, on April 3, 1947, she vomited blood and was taken to the hospital, her physician still believing that the complaints were caused by peptic ulcers. Mrs. Taormina was operated upon and the operation disclosed that she was suffering from cirrhosis of the liver with esophageal varices (varicose veins in the esophagus and stomach). The condition proved fatal; Mrs. Taormina's death occurred July 9, 1947.
The only medical testimony contained in the transcript is that of Dr. Joseph Ciolino, who appeared as a witness for plaintiff. On cross examination, the doctor stated that Mrs. Taormina's condition had existed "probably quite a few years," and definitely prior to November 19, 1946, the date of the policy contract.
Appellee's contention is that if the insuring clause of the contract is to be interpreted as written, such interpretation would be unreasonable. Counsel argues that the provision that the insurer would only be liable for expenses caused by sickness or disease contracted and beginning after the policy had been in force for thirty days was intended as a shield to protect the insurer from fraud and to prevent an unscrupulous person, suffering from a disease which had become manifest, from taking advantage of the insurance company by securing a policy covering impending hospital expenses. Counsel points to Dr. Ciolino's statements given on direct examination that he first saw Mrs. Taormina, whose only complaint was obesity, in October, 1945, and that she remained under his constant care and treatment for such condition until December, 1946, during all of which time there was no evidence of any disease whatsoever. Our attention, too, is directed to the testimony of plaintiff, which is to the effect that Mrs. Taormina had been a healthy person prior to her first admission to the hospital, and that at the time application was made for the policy, and on the date of its issuance, she had no knowledge of her true condition. In short, counsel's position is that whereas Mrs. Taormina was ignorant of her true condition, the insurer should not be allowed to escape responsibility merely because the disease might have originated prior to the thirty-day period stipulated in the policy.
Our answer to that is that Mrs. Taormina was sui juris, and the policy contract as written was binding on her, as *Page 33 
it, like any other contract, is the law between the parties.
R.C.C. art. 1901 provides that agreements legally entered into have the effect of laws on those who have formed them. Under R.C.C. art. 1945, courts are bound to give legal effect to all contracts according to the true intent of the parties, and the intent is to be determined by the words of the contract when they are clear and explicit and lead to no absurd consequences.
The rules established for the construction of written instruments apply with equal force to contracts of insurance. Nyman v. Monteleone-Iberville Garage, Inc., 211 La. 375,30 So.2d 123. It is also the rule in this state that when provisions of a policy are plain, every stipulation therein contained must be construed as written. Manuel v. Metropolitan Life Ins. Co., La. App., 139 So. 548; Dorsett v. Thomas,152 La. 60, 92 So. 734; Pearce v. National Life Accident Insurance Co., 12 La. App. 608, 125 So. 776.
In dealing with a similar situation, the court, in Thompson v. American Casualty Life Co., Tex.Civ.App., 173 S.W.2d 974, 976, said:
"We believe that the exception or limitation placed in the policy, to the effect that the Association will not be liable for any disability originating prior to the effective date of the policy, means and was intended to mean that, if the insured had need of hospitalization caused by some disease, from which she was suffering prior to the time the, policy was issued to her, the Association would not be responsible for the expenses incurred."
The cause of Mrs. Taormina's confinement to the hospital was the malady known as cirrhosis of the liver with esophageal varices, which, according to the unrefuted testimony of her attending physician, appearing as plaintiff's witness, originated prior to the time she applied for the policy, and under the contract the expenses incurred by Mrs. Taormina, recovery of which is here sought by her executor, were not embraced within policy coverage.
For the reasons assigned, the judgment appealed from is reversed, and plaintiff's suit is now dismissed at his cost.
Reversed.