GUIDRY, Judge.
Plaintiff, Winda White, sued, as beneficiary, to collect the benefits allegedly due under a life insurance policy for the death of her daughter, Lillian Michelle LeBlanc. Winda also sought interest, statutory penalties and attorney’s fees. The suit was subsequently converted into a concursus proceeding by Trans-World Life Insurance Company (Trans-World) with Winda and Combre Funeral Home being named as defendants.[1] The trial court awarded Com-bre Funeral Home $1,056.55 of the $2,000.00 life insurance proceeds and Win- *264 da the remainder thereof. Trans-World was cast for interest on the amounts awarded from date of judicial demand and all costs of the proceedings. Winda’s demands for statutory penalties and attorney’s fees were denied. Winda appeals.
FACTS
In November, 1983, Winda White applied to Trans-World for a family policy of life insurance for herself, her husband, and her children. On December 1, 1983, Trans-World issued a $2,000.00 “Special Family Group Contract” policy to Winda. On February 24, 1984, Winda’s twelve-year-old daughter, Lillian Michelle LeBlanc, died. Lillian was a named insured on the family policy issued by Trans-World, with Winda, her mother, designated as beneficiary.
Three days after the death of her daughter, Winda executed an assignment to Com-bre Enterprises, Inc. (owner of Combre Funeral Home) of all of her rights, claim and interest in the insurance policy abovemen-tioned in consideration of the funeral services rendered for Lillian LeBlanc. The agreement specified $2,000.00 as the amount assigned.
Although the record is unclear as to the exact date, Winda subsequently made demand upon Trans-World for payment as beneficiary under the life insurance policy. Trans-World, at that time, refused payment due to alleged misrepresentations in the application for insurance.[2] Winda then instituted the instant suit on April 26, 1984, seeking $2,000.00, the face amount of the policy, plus interest, statutory penalties and attorney’s fees. Shortly thereafter, on May 23, 1984, Trans-World issued a check to Winda and Combre Funeral Home in the amount of $1,992.80.[3] Winda refused tender of the check because it was issued also in the name of Combre Funeral Home. Trans-World answered, alleging that Winda had assigned her interest in the policy to Combre Funeral Home. Trans-World also pled extinguishment of the debt because of its tender of payment to Winda and Com-bre.
On June 22, 1984, Winda moved for a summary judgment in the matter, claiming no genuine issue as to material fact. Win-da asserted that the proceeds of the insurance policy were not subject to assignment for funeral expenses. Trans-World then filed an amended answer and petition on July 10, 1984, converting the suit into a concursus proceeding.
Trial of the concursus proceeding was held on September 7, 1984, resulting in the judgment aforementioned.
On appeal, Winda makes the following assignments of error:
1. The trial court erred in failing to hold that the assignment from White to Com-bre Funeral Home was invalid; and,
2. The trial court erred in failing to assess penalties against Trans-World under La.R.S. 22:656.
ASSIGNMENT TO COMBRE FUNERAL HOME
In her first assignment of error, appellant contends that the trial court erred in failing to find the assignment from her to Combre Funeral Home invalid. White asserts that benefits of an insurance policy are not assignable to a funeral home unless the policy contains a provision for such. Appellant relies on La.R.S. 22:647 and the case of Succession of Butler v. Life Insurance Company of Georgia, 147 So.2d 684 (La.App. 4th Cir.1962), writ denied, 244 La. 117, 150 So.2d 584 (1963), in support of this contention. We find neither of the above authorities supportive of appellant’s position.
*265 Appellant cites the following quote from Succession of Butler, supra, as support for the proposition that unless an insurance policy expressly provides for an assignment to a funeral home, that such is invalid:
“We would add to the District Court’s statement that LSA-R.S. 22:647 exempts proceeds of life insurance from the payment of decedent’s debts, that the exemption includes funeral expenses, unless the policy provides for such payment. Grayson v. Life Insurance Co. of Virginia, La.App., 144 So. 643 [1932].”
(Emphasis ours).
Succession of Butler, supra, is clearly distinguishable from the instant case. In Butler, the decedent’s widow was named as beneficiary on his life insurance policy. As in the instant case, the widow assigned her rights in the insurance policy to the funeral home. The proceedings were converted into a concursus proceeding with the widow, the funeral home, and the father of the deceased as defendants therein.
The Fourth Circuit rejected the funeral home’s claim to the insurance proceeds, not on the basis that the assignment was invalid due to the lack of a provision for such in the life insurance contract, but because the beneficiary-widow had forfeited her rights as beneficiary of the policy on the life of her husband by feloniously killing him. Since the widow had no rights in the policy to assign over to the funeral home, any such assignment was therefore ineffective. In dicta, the court stated that the widow could possibly have validly assigned some rights over to the funeral home had she possessed a half community interest in the proceeds. Since it was determined that the proceeds belonged entirely to the decedent’s separate estate, the court held the assignment by the widow to the funeral home to be entirely invalid.
The above quote from Butler, as cited by appellant, pertains to a completely separate issue from the assignment issue. The funeral home in Butler had two distinct claims; one as assignee of the beneficiary-widow of the insurance proceeds and one against decedent’s succession for the payment of decedent’s funeral bill. It is the latter claim which prompted the court’s reference to La.R.S. 22:647.
La.R.S. 22:647 provides in part:
“A. The lawful beneficiary, assignee, or payee, including the insured’s estate, of a life insurance policy or endowment policy, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the policy or the estate of either, and against the heirs and legatees of either such person, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use.”
Thus, proceeds of a life insurance policy to a named beneficiary are not subject to claims for funeral expenses, where not specifically provided for in the policy. However, the above statute is limited by the following exception set out in Section E of the same statute:
“E. There shall be excepted from the provisions of this Section a debt secured by a pledge of a policy, any rights under such policy that may have been assigned, and any advance payments made on or against such policy.” (Emphasis ours).
In the instant case, plaintiff-appellant’s rights as beneficiary vested upon the death of her daughter, the insured. Pearce v. National Life & Acc. Ins. Co., 12 La.App. 608, 125 So. 776 (2d Cir.1930). Thus, her rights could be validly assigned following the death of the insured, as was the case herein. Plaintiff’s assignment to Combre Funeral Home took place three days after Lillian LeBlanc’s death. The assignment thus being valid in the instant case, R.S. *266 22:647(A) is inapplicable (Section E of R.S. 22:647), and the trial court correctly awarded judgment for the balance due of $1,056.55 to the funeral home. We thus find this assignment of error to be without merit.
STATUTORY PENALTIES
Appellant contends that the trial court erred in failing to award her statutory penalties as per La.R.S. 22:656. We disagree for the following reasons.
La.R.S. 22:656 provides:
“All death claims arising under policies of insurance issued or delivered within this state shall be settled by the insurer within sixty days after the date of receipt of due proof of death, and if the insurer fails to do so without just cause, the amount due shall bear interest at the rate of eight percent per annum from date of receipt of due proof of death by the insurer until paid.” (Emphasis ours).
There is no proof in the record as to the date upon which appellant submitted proof of Lillian LeBlane’s death to Trans-World. Evidence of the date of receipt of proof of death is essential to an award of penalties under La.R.S. 22:656. Carr v. Port Ship Service, Inc., 406 So.2d 632 (La.App. 4th Cir.1981), writ denied, 412 So.2d 85 (La.1982). If the date suit was filed be accepted as due proof of death and demand for settlement, plaintiff is yet not entitled to recover penalties as sufficient tender of settlement was made by Trans-World within thirty days thereof and refused. Thereafter, Trans-World had sufficient “just cause” to litigate the issue concerning ownership of the insurance proceeds. We therefore find that the trial court correctly denied plaintiffs request for statutory penalties.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, Winda White.
AFFIRMED.

. Trans-World did not deposit the insurance proceeds into the registry of court but acknowledged that the proceeds were due to Winda White or Combre Funeral Home and Winda White.

. Trans-World subsequently dropped its defense of misrepresentation upon realizing that it had failed to attach plaintiff’s application for insurance to the policy itself. La.R.S. 22:618, subd. A; Mitchell v. State Farm Fire and Casualty Co., 473 So.2d 399 (La.App. 3rd Cir.1985).

. Trans-World issued its check in this amount instead of the $2,000.00 policy amount because it had previously returned the premium paid of $7.20 to Combre Funeral Home. Trans-World admitted at trial its mistake in so doing and conceded the proper amount in dispute to be $2,000.00.