(86 South. 415)

No. 23841.

## TOUSSANT v. NATIONAL LIFE & ACCIDENT INS. CO. OF NASHVILLE, TENN.

## In re NATIONAL LIFE & ACCIDENT INS. CO. OF NASHVILLE, TENN.

(April 5, 1920. On Rehearing Nov. 3, 1920.)

*(Syllabus by the Court.)*

1. Insurance ☞205—Insured in life policy cannot convey beneficiary's interest without his consent.

The jurisprudence of this court is well settled to the effect that all interest in a policy of life insurance, its proceeds, or avails, belong, from the moment of its issuance, to the person then named as beneficiary, and that there is no power in the person procuring the insurance thereafter to convey such interest, without the consent of such beneficiary, to any other person.

2. Certiorari ☞64(1)—Writ cannot be amended by counsel representing an interest adverse to applicant.

A judgment, brought before this court by writ of review to a Court of Appeal, cannot be amended at the suggestion, by brief, of the counsel representing the interest adverse to that of the applicant for the writ.

### On Rehearing.
*(Syllabus by Editorial Staff.)*

3. Insurance ☞205 — Clause in policy construed to permit change of beneficiary without consent of beneficiary named.

Under a life insurance policy, providing that the beneficiary thereunder may be changed by the insured by consent of the company, the beneficiary may be changed without consulting the beneficiary named in the policy.

4. Insurance ☞212—Change of beneficiary in favor of husband's secret concubine is not mala prohibita or mala in se.

Civ. Code, art. 1481, providing that those who have lived together in open concubinage are respectively incapable of making to each other, inter vivos or mortis causa, any donation of movables exceeding one-tenth of the value of their estate, does not apply to secret concubinage so as to make a husband's change in the beneficiary under a policy in favor of a secret concubine mala prohibita or mala in se.

Action by Elizabeth Toussant, widow of David Dent, against the National Life & Accident Insurance Company of Nashville, Tenn. Judgment for the plaintiff in the first city court of New Orleans, and, on defendant's appeal to the Court of Appeal for the Parish of Orleans, there was a trial upon an agreed statement of facts, and from its modified judgment for plaintiff, defendant applied for certiorari or writ of review. Judgments set aside and suit dismissed.

Eugene J. McGivney and E. V. Parham, both of New Orleans, for applicant.

Prowell & Prowell, of New Orleans, for appellee.

## Statement of the Case.

MONROE, C. J. It appears that plaintiff obtained judgment against defendant, in the city court, on two policies of insurance, issued by it upon the life of David Dent, her husband, the one for $65 and the other for $25, which respectively contain these provisions, to wit:

"This policy [for $65] is issued and accepted subject to the conditions set forth in this folio and the reverse side hereof, each and all of which are hereby made part of the contract. * * * The production by the company of this policy, and a receipt for the sum insured, signed by the beneficiary named in the application, or an executor or administrator, husband or wife, or relative by blood, or connection by marriage of the insured, shall be conclusive evidence that such sum has been paid; or, the company may pay the said sum for the purpose of his or her burial, and the production of a receipt signed by the person or persons, receiving such sum for this purpose, shall be conclusive evidence that such sum has been lawfully paid, and that all claims under this policy have been fully satisfied"—following a clause similar to that first above quoted. "The production by the company of the policy [for $25] and of a receipt for the sum insured, signed by the beneficiary, or any executor or administrator, or legal representative of the insured, shall be conclusive evidence that such sum has been paid and that all claims under this policy have been fully satisfied."

It further appears that the judgment so obtained was reduced by the Court of Appeal to $22.50, whereupon, after having been denied a rehearing, defendant applied to this court for the writ of review.

The following "agreement as to facts" (condensed by the present writer) appears in the record:

Plaintiff was married to David Dent in 1905, and was his wife when he died, in 1915, but was not then living with him. The policies in question were issued during the marriage and the community resulting therefrom, and she was named as the beneficiary in the original application therefor, and paid all the premiums, so long as she and the insured lived together, though defendant did not know by whom they were paid. On September 13, 1918, the original beneficiary in each of the policies was changed, and Erma Dent was substituted in her place. Erma (or Irma) Dent was the secret concubine of the insured, but defendant acquired no knowledge of that fact until months after the proceeds of the policies had been paid by it, for the burial of the insured, upon the written order of Erma Dent, and had no knowledge that plaintiff would make any claim under said policies, and had no order from her, or from any executor, administrator, or legal representative of the insured, other than the new beneficiary, to make such payment. At the time of the death of the insured his succession "owned assets consisting of: Benefit in Odd Fellows, $250.00; benefit in Bulls Association, $100.00; benefit in Longshoreman's Ass'n, $50; insurance policy in company other than defendant $46.00; all of a total value of $446.00."

## Opinion.

The "agreement as to facts," in so far as it relates to the change of beneficiaries, reads:

"That the original beneficiary in both of said policies was changed from Elizabeth Dent to Erma Dent, by the defendant, at the request of the insured, David Dent, without the knowledge or consent of the original beneficiary, Elizabeth Dent."

And we interpret that as an admission of the fact of the change, but not of its legality, since the instrument above quoted purports to be "an agreement as to the facts," and not as to the law, and the whole case is a controversy concerning the legal effect of the facts agreed on.

[1, 2] Counsel have not called our attention to any other provision in the policies save those which we have quoted, purporting to authorize the insurer to change the benefi-

ciary originally named, nor has our inspection of the policies disclosed any other, and we are of opinion that the quoted provisions do not confer that authority, or authorize the payment of the proceeds of the policies to any other person than the beneficiary so named, she being alive and claiming them. The contracts in question contemplate that the proceeds shall be paid to her, or to one or the other of the alternates named, in the order as specified, and, as may be determined, not by the insurer and debtor, but, according to the law of this state regulating the community of acquêts and the devolution of inheritances.

In other words, the policies, in effect, provide for the payment of their proceeds to the original beneficiary, if she be alive at the time of the death of the insured, and, in the event of her dying prior to that time, contemplate that they shall be payable to his executor, administrator, or legal representative, or person (other than an ordinary creditor) entitled to receive property falling into the community of acquêts which existed between the insured and his wife. Succession of Moseman, 38 La. Ann. 219; Succession of Buddig, 108 La. 406, 32 South. 361.

The jurisprudence of this court, to the effect that all interest in a policy of life insurance, its proceeds, or avails, belong from the moment of its issuance to the person then named as beneficiary, and that there is no power in the person procuring the insurance thereafter to convey such interest, without the consent of such beneficiary, to any other person, is too well settled to require any elaborate citation of adjudged cases; that of Breard v. New York Life Ins. Co., 138 La. 774, 70 South. 799, being, perhaps, the latest upon the subject.

Act 88 of 1916 exempts the proceeds or avails of life insurance "from all liability for any debt, except for a debt secured by a pledge of policy, or any rights under such policy that may have been assigned, or any advance payments made on or against such policy."

From which it follows that the proceeds here in question would not be liable for the expense of the burial of the insurer, even though they had fallen into his succession, or the community. Counsel for the plaintiff in their brief ask that the judgment under review be amended so that their client may be awarded the entire proceeds of both policies, but the Constitution declares that in cases of this character the Supreme Court shall exercise the same authority as in those brought up by appeal, and it is well settled that a judgment as brought up cannot be amended at the instance of an appellee who has not either joined in the appeal taken by his opponent or filed an answer thereto in this court praying for such amendment. Without expressing any opinion upon the question whether an answer to an application for a writ of review would entitle the pleader to an amendment of a judgment brought up for review, we are quite clear that such relief cannot be granted without an answer. As the matter stands, the application of the relator should be dismissed at its cost.

And it is so ordered.

### On Rehearing.

PROVOSTY, J. [3] Plaintiff sues on a policy of insurance taken out by her husband on his life in her favor. The defense is that the beneficiary was changed, under authority of the following clause in the policy:

"Provided, the beneficiary hereunder may be changed by the insured by consent of the company"

—and that full settlement has been made with the substituted beneficiary.

Under such a clause the beneficiary may be

changed without consulting the beneficiary named in the policy. Alba v. Provident Savings L. Ass'n Co., 118 La. 1029, 43 South. 663.

[4] But, argues plaintiff, the change in the present case was in favor of the secret concubine of her husband, and was therefore "mala prohibita or mala in se"—citing C. C. 1481, and N. Y. L. Ins. Co. v. Neal, 114 La. 652, 38 South. 485.

Article 1481 reads:

"Those who have lived together in open concubinage are respectively incapable of making to each other, whether inter vivos or mortis causa, any donations of immovables; and if they make a donation of movables, it cannot exceed one-tenth part of the whole value of their estate."

This article, by its express terms, has application only to open, not to secret, concubinage; and in this case the concubinage was secret. So alleged by plaintiff. The Jahraus Case, 114 La. 458, 38 South. 417, which interpreted this article as here stated, was not overruled by the Succession of Filhiol, 119 La. 998, 44 South. 843, invoked by plaintiff, but, on the contrary, was cited with approval. See 119 La. p. 1005, 44 South. 843. In fact, the question in this Filhiol Case was not as to whether under said article 1481 the concubinage has to be open or secret; but it was as to whether it had been in that particular case open or secret. Moreover, two of the justices dissented, and one concurred in the decree only.

In the Neal Case, relied on by plaintiff, the concubinage was open, and the proceeds of the policy were deemed a part of the estate of the decedent, a point needless be considered in the instant case.

The judgment of the Court of Appeal and that of the trial court are set aside, and the plaintiff's suit is dismissed at her cost in all the courts.