SUCCESSION

OF

OTTO EMILE SHARP

April 24th, 1922.

8522

CHARLES F. CLAIBORNE, JUDGE.

Otto Emile Sharp died in New Orleans; his sister Annie Sharp, wife of B. V. Redmond opened his succession; she alleged that he left another sister; that he left a testament made in Mobile, Alabama, dated April 12th, 1920, by which he changed his beneficiary under his life insurance Policy from his estate to Mary Glaser Garrott Sharp; she annexed the will to her petition, and alleged that it was made in accordance with the laws of Alabama and is valid in this State under Act 176 of 1912 p 320; that the testator did not name any executor to his will. She prayed for the probate of the testament and its execution, and to be appointed dative testamentary executrix.

Widow Otto Emile Sharp opposed the probate of the alleged testament alleging that it was not made in accordance with the laws of Louisiana nor of Alabama which required that the testament should be in the handwriting of the testator himself; she further alleged that she was a widow in necessitous circumstances, and as such entitled to $1000 from her husband's succession. She prayed that the probate of the will be denied and for $1000.

The petitioner for probate of the will excepted to the widow's demand on the ground that it disclosed no right or cause of action; that the heirs had not been made parties; that opponent was no heir; that her claim should be asserted against the succession; and that she could only proceed by direct action.

Upon the trial of the opposition and of the exceptions there was judgment rendered December 12th overruling the exceptions

and maintaining the opposition of Widow Sharp and that upon her

"producing to the Court her marriage and financial condition, and upon her so doing, she be adjudged to be entitled to the sum of $1000 under Policy No. 8418 of the Independent Life Insurance Company of Nashville, Tenn. as widow in necessitous circumstances, and the Probate of the Will herein filed be and the same is hereby denied".

On December 20th. following on motion of the widow and on suggesting that she had conformed to the judgment establishing *and that* her marriage and necessitous circumstances, it was ordered that she be recognized as widow of the deceased

" and entitled to the sum of $1000, the proceeds of Policy No. 8418 of the Independent Life Insurance Company of Nashville, Tennessee".

From the judgment rendered December 12th. and signed December 19th, Mrs. Redmond has appealed.

The exception of want of proper parties should have been sustained.

Widow Sharp can demand to be paid $1000 only from the Succession, and from property of the Succession, of her husband. C. C. 3252 (3219) § 5.

If the will was valid, the insurance money formed no part of the Succession of her husband; it belonged to the beneficiary, and not to the Succession, and it might be claimed that the widow could not claim to be paid out of it. Succession of Kugler, 23 A. 455; 135 La. 49; 147 La. 977.

If the will and change of beneficiary *were* was invalid, then the insurance money belonged to the Succession of the deceased or to his heirs, and it might be argued was exempt from all liability for any debt of the assured or of his Succession. See Act 88 of 1916 amending Act 189 of 1914 p 356. It reads as follows:

"That the proceeds or avails or dividends of all life,

including fraternal and co-operative, health, and accident insurance shall be exempt from all liability for any debt, except for a debt secured by a pledge of policy, or any rights under such policy that may have been assigned; or any advance payments made on or against such policy".

In 142 La. 27, on page 40, the Court said:

"Our conclusion is that the fund of $6226.73 being the proceeds or avails of the life insurance collected by the administrators, is exempt from all liability for any debts of the insured, Adonis Le Blanc, or of his succession. and must be paid to his heirs at law". 146 La. 385; 147 La. 437, 977 (981).

It is evident that before a judgment could be validly rendered against the Succession, it should have been represented, and that at the time the judgment herein was rendered, the Succession was not represented. It is also evident that at the time the judgment was rendered making a final disposition of the proceeds of the life insurance policy, all the beneficiaries of the policy under the original policy and under the alleged will had not been made parties. The judgment is therefore invalid and must be reversed.

It is therefore ordered that the judgment appealed from be annulled and reversed, and that the case be remanded to make proper parties and for a new trial of all the issues involved. Appellees to pay costw of this appeal.

Judgment reversed and case remanded for new trial.

April 24th, 1922.