AHRENS

v.

FIRST NAT'L LIFE, HEALTH &
ACCIDENT INS. CO. OF N. O.

and

WILTZ

v.

FIRST NAT'L LIFE, HEALTH &
ACCIDENT INS. CO. OF N. O.

Consolidated

———

(June 6, 1927. Opinion and Decree.)

———

*(Syllabus by the Court.)*

1. **Louisiana Digest—Insurance—Par. 36, 43, 60, 152.**

The first beneficiary in a life insurance policy, though having an insurable interest, cannot prevent the second beneficiary, having a like interest, from collecting proceeds of the policy, on the ground that the second change was not endorsed on the policy, as required by the contract, if she refused to surrender the policy to the insured or to the company when notified by both of the second change.

Appeal from the First City Court, Sec. "C." Hon. William V. Seeber, Judge.

Action by Mrs. Henry Ahrens against First National Life, Health & Accident Insurance Company of New Orleans, Louisiana, and Fernand J. Wiltz against First National Life, Health & Accident Insurance Company, of New Orleans, Louisiana. Consolidated.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Thos. J. Dobbins, of New Orleans, attorney for plaintiff, appellant.

L. A. Schwartz, of New Orleans, attorney for defendant, appellee.

JONES, J. Each of these suits is for two hundred eighty-seven and 00-100 ($287.00) dollars, proceeds of a life insurance policy and the undisputed facts are as follows:

The insurance company issued policy No. 5080 on the life of Orlander C. Pritchard, on December 11, 1922, payable to his estate.

On November 11, 1924, Pritchard made Mrs. Henry Ahrens, appellant in this case, the beneficiary of said policy.

On December 18, 1925, Pritchard again changed or tried to change the beneficiary of his policy from Mrs. Henry Ahrens to Mr. Fernand J. Wiltz, of this city, by filing with the company an application signed and acknowledged before a notary which was duly noted by the company.

At the time Mr. Pritchard desired to effect the change, substituting Wiltz for Mrs. Ahrens, the policy was in the possession of Mrs. Ahrens who refused to surrender it to Pritchard, or to the insurance company.

After Pritchard died on the 16th day of January, 1926, suits were brought against defendant by the appellant herein, Mrs. Henry Ahrens, and the appellee, Fernand J. Wiltz, each claiming as beneficiary of said policy. Their suits were consolidated.

The lower court rendered judgment in favor of appellee, Fernand J. Wiltz, and

against defendant for the full amount of the policy and costs. The suit of Mrs. Ahrens was dismissed.

The only question involved is whether the insured could change the beneficiary of his policy while policy was in the possession of the original beneficiary who refused to surrender it on the ground that she had an insurable interest therein, because she had furnished the deceased board, lodging and had paid several premiums on the promise of deceased that she should get the insurance.

The policy contains the following provision:

"The beneficiary or beneficiaries named herein may at the request of the insured be changed at any time to any person or persons having an insurable interest in the life of the insured, provided this policy is returned to the company at its home office, and the endorsement of the change made upon the policy."

The evidence shows the following facts:

1. That Ahrens, the husband of appellant paid some premiums on the policy (exact amount not shown) and the deceased had roomed for sometime at the house of appellant, free of charge, and had left the policy with her, when he moved to Charity Hospital a year before he died.

2. That Wiltz had given appellant five ($5.00) dollars shortly before the death to pay premium.

3. Wiltz, at the request of Pritchard, who was ill in the Charity Hospital, called on Mrs. Ahrens and asked for the policy and she refused to give it to him.

4. That the insurance company likewise asked in vain that she return the policy.

5. In his notarial declaration Pritchard states that Mrs. Ahrens had refused to surrender the policy and that he was writing to authorize and instruct the company to make the change of beneficiary because he was ill.

6. That Wiltz paid the funeral bill of one hundred nine and 60-100 ($109.60) dollars and also several premiums (exact amount not shown) during the confinement of Pritchard at Charity Hospital for a year prior to his death.

In the case of Toussant vs. National Life & Accident Insurance Company, 147 La., page 982, 86 South. 415, the Supreme Court said:

"Plaintiff sues on a policy of insurance taken out by her husband on his life in her favor. The defense is that the beneficiary was changed under authority of the following clause in the policy, 'provided the beneficiary hereunder may be changed by the insured by consent of the company,' and that full settlement has been made with the substituted beneficiary."

Under such a clause the beneficiary may be changed without consulting the beneficiary named in the policy.

In the case of Alba vs. Provident Savings Life Assur. Society, 118 La. 1029, the court said:

"Where, by agreement between the insurer and the assured, a beneficiary is named in a policy of life insurance, subject, however, to the expressed condition that the assured may, thereafter, at any time, upon notice to the insurer, change such beneficiary, the original beneficiary has no standing to interpose between the contracting parties and prevent the assured from exercising the right thus secured him by his contract."

In argument and brief before this court counsel for appellant urged the proposition that if the insured could change the bene-

ficiary of this policy, such change had not been legally effected because there was no endorsement of the change made upon the policy.

The evidence shows that Mrs. Ahrens refused to surrender the policy when requested to do so by the company and by the assured. In other words, she now seeks to profit by her own acts. She wishes to claim proceeds of policy for failure to comply with a provision, when she herself caused that failure.

On this point Ruling Case Law, (Volume 14, Section 556, says:

"If the member does all that is within his power to effect a change in beneficiaries and fails to surrender the certificate * * * only because such certificate is in the possession of the original beneficiary who refuses to surrender it, the beneficiary thus thwarting the wishes of the member will not be allowed to profit thereby, and his rights to the proceeds of the certificate are subordinate to those of the new beneficiaries selected by the member."

Everything possible was done by the insured to effect the change of beneficiaries. Mrs. Ahrens was requested to return the policy. This she refused to do. Pritchard made a notarial declaration of his intention to change the beneficiary and requested the insurance company to make such change. The insurance company made the change and recognized Mr. Wiltz as the beneficiary under the policy as will be seen from the evidence of the President and Vice President, and the evidence of Mr. Wiltz in the record. Further than that, the officers of the company advised appellant that a change of beneficiaries had been made.

The cases quoted by appellant are not in point.

For above reasons the judgment is affirmed.