147 So.2d 684 (1962)
Succession of Joseph BUTLER, Jr.
Regina Nettie BUTLER et al.
v.
LIFE INSURANCE COMPANY OF GEORGIA.
Nos. 858, 859.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1962.
Rehearing Denied January 7, 1963.
*685 Adelaide Baudier, New Orleans, for appellees.
Normann & Normann, Marvin Grodsky, New Orleans, for Life Ins. Co. of Georgia, appellee.
William J. Wegmann and Oliver P. Carriere, Jr. (of Racivitch, Johnson, Wegmann & Mouledoux), New Orleans, for Gertrude Geddes Willis Funeral Home, Inc., appellant.
Before YARRUT, SAMUEL and JOHNSON, JJ.
YARRUT, Judge.
These two cases were consolidated for trial and judgment in the District Court on a stipulation of fact. The controlling issue is who is entitled to the proceeds and avails of three insurance policies on the life of Joseph Butler, Jr., in which his wife and widow is the named beneficiary. The conclusion depends upon whether or not the wife, now widow, lost her beneficiary rights when, charged with the murder of her husband, she plead guilty to manslaughter in the Criminal Court, and was sentenced to six years in the penitentiary. This fact is admitted. Further, there is no issue of fact, only the legal conclusions to be drawn therefrom.
In the Succession, Case No. 858, the divorced first wife and mother of the decedent's only children was confirmed as Administratrix and Natural Tutrix of the children. An inventory on file lists the proceeds of the insurance policies as the sole Succession asset.
*686 In Case No. 859, as Administratrix and Natural Tutrix, she sued the Insurance Company on behalf of the Succession and the children, claiming the insurance proceeds of $2,210.00. The Insurance Company, admitting liability under the policies, converted the suit into a concursus proceeding, and deposited the proceeds in the registry of the Court. All claimants to the fund, viz., the Funeral Home, the beneficiary-widow, and the father of deceased, were made parties under LSA-R.S. 13:4811. The Funeral Home made claim in both proceedings for the payment of their funeral bill (amount $1,824.60), as a creditor of the Succession and as assignee of the beneficiary-widow of the insurance proceeds or, alternatively, for her one-half, contending she had a community interest therein, if none as beneficiary.
The principal issues are whether or not the second wife, as beneficiary of the insurance proceeds, forfeited her right thereto when she plead guilty to manslaughter in shooting her husband, for which she was sentenced to six years in the penitentiary. If so, then the assignment by her to the Funeral Home would be ineffective, unless she had a half community interest in the proceeds.
Contracts of life insurance are governed by their terms. The interest of the wife, as beneficiary, has long been recognized as belonging to her separate estate, not subject to be interfered with in any manner by the assured or the insurer. Lambert v. Penn Mut. Life Ins. Co., 50 La.Ann. 1027, 24 So. 16; Putnam v. New York Life Ins. Co., 42 La.Ann. 739, 7 So. 602; Pilcher v. New York Life Ins. Co., 33 La. Ann. 322.
However, by the inclusion in the contract of a provision giving to the insured the right to change the beneficiary, such change, if made, nullifies the wife's right as beneficiary. Pollock v. Pollock, 164 La. 1077, 115 So. 275; Douglass v. Equitable Life Assur. Soc., 150 La. 519, 90 So. 834; Toussant v. National Life & Accident Ins. Co. of Nashville, Tenn., 147 La. 977, 86 So. 415; Alba v. Provident Savings Life Assur. Society, 118 La. 1021, 43 So. 663.
A fortiori, the same result should follow where the policy provides for the change of beneficiary by her felonious killing of her husband. In such event, the wife, having forfeited her right, the husband's separate estate becomes the beneficiary, because his death dissolved the community. Any property acquired by his estate after death belongs to his separate estate, not the community.
Furthermore, it would be illogical and against public policy to hold that the wife, denied recovery of the whole for feloniously killing her husband, yet could recover half as her community interest. American Nat. Life Ins. Co. v. Shaddinger, 205 La. 11, 16 So.2d 889; Smith v. Southern National Life Ins. Co., La.App., 134 So.2d 337; Davis v. Unity Life Ins. Co., La. App., 43 So.2d 67.
The only interest the wife could have would be the recovery from her husband's estate half the community funds used in payment of the insurance premiums. However, this issue is not before us. LSA-C.C. art. 1437. See 6 T.L.R. 540.
The District Court first rendered judgment in favor of the estate of Joseph Butler, Jr. and against the Insurance Company for $2,210.00, with five percent per annum interest from May 20, 1959 until May 26, 1960, with credit for $2,210.00 in the registry of the Court; to be distributed in accordance with law, other than to Harrietta B. Butler, or to any of her assignees, or to any creditor of the said Joseph Butler, Jr. or Harrietta B. Butler; gave judgment in favor of the Funeral Home and against the estate of Joseph Butler, Jr. for $500.00, however, not payable from the insurance proceeds; and taxed costs against the Funeral Home.
The District Court amended its original judgment so as to tax against the Funeral Home only the costs relative to its claim in *687 the Succession proceeding. All other costs therein were taxed against the Succession. Further, there was taxed against the Insurance Company all costs in the matter of "Regina Nettie Butler, et al v. Life Insurance Company of Georgia."
We would add to the District Court's statement that LSA-R.S. 22:647 exempts proceeds of life insurance from the payment of decedent's debts, that the exemption includes funeral expenses, unless the policy provides for such payment. Grayson v. Life Insurance Co. of Virginia, La.App., 144 So. 643.
All parties to these consolidated cases have either appealed or answered the appeal. We agree with the judgment as rendered by the District Court, except the condemning of the Insurance Company to pay costs; and limiting the Funeral Home to $500.00 as in case of insolvency.
As the Insurance Company could not safely pay the proceeds without a concursus proceeding (LSA-R.S. 22:643), the costs should be paid by preference from the funds deposited in the registry of the Court; and, as the Succession has no known assets other than the insurance proceeds, the right of the Funeral Home should be reserved to assert its full claim against any Succession property that may be discovered in the future, reserving to any other creditor, the heirs, and succession representative, any legal right or remedy with respect to said funeral claim.
The judgment of the District Court is reversed only with respect to taxing costs against the Insurance Company, which costs are taxed against the insurance proceeds only and payable by preference; and the Funeral Home's allowance is set aside, since the Succession at this time has no known assets from which it can be paid in whole or in part, with reservation of its right against any present or future assets of the Succession, but in no event to be paid from the proceeds of the insurance policies on deposit in the registry of the Court; subject to the right of any creditor, heir or succession representative to oppose such claim.
For the reasons assigned, except as reversed and amended herein, the judgment of the District Court is affirmed; all costs on appeal to be taxed against Appellants.
Judgment reversed in partamended in partand affirmed.