424 So.2d 282 (1982)
Leo V. LeSAGE, et ux.
v.
ELLERBEE BUILDERS, INC.
No. 82 CA 0048.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Rehearing Denied January 14, 1983.
*283 Jack N. Dyer, Sr., Baton Rouge, for plaintiffs-appellants Leo V. LeSage and Sybil G. LeSage.
Gerard E. Kiefer, Baton Rouge, for defendant-appellee Ellerbee Builders, Inc.
Before PONDER, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
Plaintiffs, Leo V. LeSage, et ux, appeal the trial court's granting of a motion for a summary judgment in favor of defendant, Ellerbee Builders, Inc. We affirm.
In April, 1976, LeSage sold a portion of a 30-acre tract to Ellerbee. LeSage asserts the terminology of the "Cash Sale" contains a reservation of the mineral rights.
L.S.A.-R.S. 31:15 provides that a landowner may create mineral rights by reservation. Such rights must be expressly reserved. Roemer, II v. Caplis, 369 So.2d 1186 (La.App. 2d Cir.1979), writ denied, 371 So.2d 620 (La.1979).
The "Cash Sale" in question contains the following language:
"... said tract being ... subject to a mineral lease of record."
The issue presented is whether the words "subject to a mineral lease" is an express reservation of the mineral rights in favor of the vendors.
The "Cash Sale" excepts from the bundle of rights passed in the conveyance, a mineral lease of record. A mineral lease grants to the lessee the right to explore for and produce minerals. L.S.A.-R.S. 31:114. Properly perceived, the instant sale is subject to a lease of record in favor of Thomas Kilgore. Only those rights extant under said lease were not conveyed.
LeSage contends further that L.S. A.-R.S. 31:154 is dispositive in this case.
L.S.A.-R.S. 31:154 reads as follows:
"One who establishes corporeal possession of land as owner under an act translative of title is in possession of the rights in minerals inherent in perfect ownership of land except to the extent mineral rights are reserved in the act or the act is expressly made subject to outstanding mineral rights. This Article does not apply to a mineral lessee of the possessor or any of his ancestors."
This statute contemplates possession of land to which one does not have clear title. It falls under Chapter 9 of the Mineral Code dealing with possession and acquisitive prescription. It is clearly inapplicable in this instance.
For the foregoing reasons, the trial court is affirmed. Leo LeSage, et ux, appellants, are to pay all costs.
AFFIRMED.