450 So.2d 33 (1984)
AMERICAN DEPOSIT INSURANCE COMPANY, Plaintiff-Appellant,
v.
Edward J. WALKER, et al., Defendants-Appellees.
No. 83-663.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*34 Bolen & Erwin, Gregory S. Erwin, Alexandria, for plaintiff-appellant.
Knoll & Knoll, Thomas E. Papale, Charles A. Riddle, III, Marksville, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
DOMENGEAUX, Judge.
Plaintiff, American Deposit Insurance Company, invoked this concursus proceeding requesting that all defendants assert their respective claims to the proceeds of an insurance policy. After a trial, judgment was rendered awarding $6,000.00 to Sheila Walker, $3,000.00 to Chad Odom, and $1,000.00 to Edward Walker, Jr. Plaintiff was assessed with all costs.
From that judgment plaintiff has perfected this appeal claiming that the trial court's judgment is in error insofar as it was cast with all costs of court.
In June of 1981, plaintiff issued a policy of automobile liability insurance to Edward J. Walker. This policy covered Mr. Walker and the members of his household and included among other things uninsured motorist coverage for bodily injury with limits of $5,000.00 for each person and $10,000.00 for each accident.
On April 23, 1983, while covered by the aforementioned policy of insurance, four members of Mr. Walker's household were involved in a serious one-car accident. The driver-owner of the automobile was uninsured. As a result of the accident Sheila Odom Walker, Edward J. Walker, Jr., and Chad Joseph Odom all suffered serious injuries and Brad Paul Odom was killed.
Sheila Odom Walker is the wife of the insured, Edward Walker, and Edward Walker, Jr., is the natural child of their marriage. Chad Joseph Odom and Brad Paul Odom are the natural children of Sheila Odom Walker.
Demand was made upon appellant, American Deposit Insurance Company, on October 20, 1982, for the payment of the full policy limits of $10,000.00 for the death of Brad Paul Odom and the injuries sustained by Sheila Odom Walker, Edward J. Walker, Jr., and Chad Odom. American Deposit Insurance Company agreed to pay. Plaintiff could not determine how the insurance proceeds should be apportioned, nor could the claimants agree. As a consequence thereof, appellant invoked a concursus proceeding pursuant to Article 4651 et seq. of the Louisiana Code of Civil Procedure. It admitted liability for the full amount of its insurance policy, and with the Court's permission, deposited $10,000.00 into the Registry of the Court.
After a trial, judgment was rendered awarding Sheila Odom Walker $6,000.00 for her personal injuries and claim for the wrongful death of her son, Brad Paul Odom; awarding Chad Joseph Odom $3,000.00 for his personal injuries and claim for the wrongful death of his twin brother, Brad Paul Odom; awarding Edward Walker, Jr., $1,000.00 for his personal injuries and claim for the wrongful death of his half-brother, Brad Paul Odom; and casting appellant with all costs of court.
The sole issue on appeal is whether the trial judge erred in casting the plaintiff-appellant with court costs.
Article 1920 of the Louisiana Code of Civil Procedure sets out the general rule *35 for determining liability for the costs of court. Costs are to be paid by the party cast unless the judgment provides otherwise. The court is vested with great discretion in determining who is liable and also in apportioning costs as it deems equitable. However, this discretion is not unbounded. Leblanc v. Opt, Inc., 421 So.2d 984 (La.App. 3rd Cir.1982), writs denied, 427 So.2d 438 (La.1983), 429 So.2d 132 (La. 1983). One limitation on the court's discretion is Article 4659 of the Louisiana Code of Civil Procedure, governing the payment of costs in a concursus proceeding which has been invoked pursuant to Article 4651 et seq.
La.C.C.P. Art. 4651 provides as follows:
"A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceedings."
Once the concursus has been instituted the plaintiff may, under the authority of La.C.C.P.Art. 4658, deposit the money claimed into the Registry of the Court. Article 4658 provides:
"With leave of court, the plaintiff may deposit into the registry of the court money which is claimed by the defendants, and which plaintiff admits is due one or more of the defendants.
When sums of money due one or more of the defendants accrue from time to time in the hands of the plaintiff after the institution of the proceeding, with leave of court he may deposit the money as it accrues into the registry of the court.
After the deposit of money into the registry of the court, the plaintiff is relieved of all liability to all of the defendants for the money so deposited." (Emphasis added.)
It is clear from the emphasized portion of the above statute that the plaintiff is not required to deposit money into the Court's Registry but may if he desires, ask permission to do so. Thus the Code of Civil Procedure contemplates two types of concursus proceedings: One in which the money has been deposited into the Registry of the Court and one in which no money has been deposited. This proposition is further evidenced by La.C.C.P.Art. 4659. That Article deals specifically with the assessment of costs in concursus proceedings. It states:
"When money has been deposited into the registry of the court by the plaintiff, neither he nor any other party shall be required to pay any of the costs of the proceeding as they accrue, but these shall be deducted from the money on deposit. The court may award the successful claimant judgment for the costs of the proceeding which have been deducted from the money on deposit, or any portion thereof, against any other claimant who contested his right thereto, as in its judgment may be considered equitable.
In all other instances, the court may render judgment for costs as it considers equitable." (Emphasis added).
The Official Revision Comments[1] under that Article state inter alia:
"(a) The first paragraph is similar to the source provision, except that it makes the award of costs or any part thereof discretionary with the court. The second paragraph deals with a situation not covered under the prior law; when the plaintiff does not deposit a fund into the registry of the court. Since it is virtually impossible to treat specifically all of the various situations which might arise, the court is given complete discretion in assessing costs." (Emphasis added).
Thus the second paragraph of Article 4659, allowing complete discretion in assessing *36 costs, deals with concursus proceedings when no money is deposited into the Registry of the Court. In opposition thereto is paragraph 1 which deals with concursus proceedings where money has been deposited into the Registry of the Court and that paragraph does not allow the Court complete discretion but rather commands that "[w]hen money has been deposited into the Registry of the Court by the plaintiff, neither he nor any other party shall be required to pay any of the costs of the proceedings as they accrue, but these shall be deducted from the monies on deposit." (Emphasis added.)
The Official Revision Comments do state in reference to paragraph 1 of Article 4659 that the award of costs or any part thereof is discretionary, but the discretion referred to there is to award the successful claimant judgment for costs against any unsuccessful claimant, not the plaintiff. Thus under paragraph 1 of Article 4659 there is no authority for the trial judge to assess costs against a plaintiff who has deposited the funds claimed into the Registry of the Court, but rather the costs are to "be deducted from the money on deposit."
Although not elaborating on the reasons why, the Courts of Appeal have followed the above method of assessing costs in concursus proceedings. See Succession of Butler, 147 So.2d 684 (La.App. 4th Cir. 1962), writ denied, 244 La. 117, 150 So.2d 584 (1963), wherein on appeal the trial court was reversed for assessing costs against a plaintiff that deposited the claimed funds into the Registry of the Court. See also Agency Management Corporation v. Green Acres Realty, Inc., 286 So.2d 465 (La.App. 1st Cir.1973), writ denied, 289 So.2d 155 (La.1974), wherein the court held the plaintiff liable for costs of the concursus proceeding stating that "plaintiff could have escaped liability for costs and interest by making a deposit into the Registry of the Court." Supra, at 468.
In this case the plaintiff with leave of court, deposited the claimed funds into the Registry of the Court at the time the concursus proceeding was invoked. Thus it should not have been taxed with costs.
For the above and foregoing reasons the judgment of the trial court is reversed insofar as costs were assessed against plaintiff, American Deposit Insurance Company, and it is Ordered that costs are to be assessed against the claimants in the same proportion that the share of the funds they individually received bears to the total amount deposited into the Registry of the Court, i.e., sixty percent to Sheila Walker, thirty percent to Chad Odom, and ten percent to Edward Walker, Jr.
REVERSED IN PART, AND RENDERED.
NOTES
[1] While it is noted that the Official Revision Comments do not constitute part of the law they are persuasive and helpful in interpreting the intent of the article. See La.R.S. 1:13 and Montelepre v. Edwards, 359 So.2d 1311 (La.App. 4th Cir.1978).