JASPER E. JONES, Judge.
This is a concursus proceeding concerning the ownership of certain fractional mineral interests. The plaintiff is Rosewood Resources, Inc., the operator of several oil wells in Jackson Parish, Louisiana, located on the land subject to the mineral interests, the title to which is in dispute. Rosewood initiated the concursus proceedings. The defendants are Jonesboro State Bank, Robert and Dorothy Riddle, James and Ruby Baker, Gary and Loretta Riddle, and Herman and Coylon Castete. The district judge rendered judgment recognizing the Jonesboro State Bank as owner of the disputed mineral interest.[1] The Bakers, Robert and Dorothy Riddle, and the Castetes have appealed.[2] We affirm.
This case arises from the following facts.
In December, 1975, Crown Zellerbach Corporation sold to Timoz Development Company certain lands in Jackson Parish reserving a fractional mineral interest and executive rights. The parties to this sale also executed a counter letter which would transfer to the vendee certain executive rights if no production was developed within six months.
In December, 1977, Timoz sold lands to James Baker, husband of Ruby Baker, Charles Allen, husband of Bonnie Allen, Gaylen Simmons, husband of Annette Simmons and Gary Riddle. These vendees executed two mortgages on the property, the first in the amount of $500,000.00 in 1977 and the second in the amount of $1,250,-000.00 in 1979. Subsequently, Gary Riddle transferred an interest in the property to Robert and Dorothy Riddle. Later, the Simmons’ and Allens’ interests were released from the mortgages.
In 1980 the Timoz vendees brought an action against Crown and other defendants based on the 1975 counter letter. This action was settled in 1982. In the settlement the landowners received “operating/revenue interests” in certain wells on the property. The Riddles then transferred a portion of their settlement produced interests to Herman and Coylon Castete.
In 1983 Louisiana State Gas Corp. began proceedings to enforce the mortgages upon the interests of the Bakers, Riddles and Castetes in the mortgaged property upon which the producing wells were located in which the appellants acquired the working interest in the compromise settlement. The property was sold at a sheriff’s sale and purchased by Jonesboro State Bank.
This concursus proceeding was brought when the Bank and the Bakers, Riddles and Castetes all asserted ownership of the “operating/revenue interests” received by the Bakers and Riddles in the 1982 settlement. The district judge rendered judgment in favor of the Bank and this appeal followed.
Appellants contend the trial judge erred in finding that their “operating/revenue interests” were acquired by the Bank through the sheriff’s sale. Appellants argue these interests were completely separate from their mortgaged interests in the land because they were acquired after the execution of the mortgages from a separate source. They contend the “operating/revenue interests” were never part of the mortgaged property because they were not described in the mortgages.
That the “operating/revenue interests” are not included in the mortgaged property is essential to appellant’s case. Because we find, contrary to their arguments, that these interests were included in the mortgaged property we need not pass upon their other arguments.
The property mortgaged is described in each mortgage through a description of the lands without any reservation or exception of any mineral interest or right.
A conveyance of land carries with it all incidents of ownership, including min *1085 eral rights, except such rights as may be expressly reserved. Texaco v. Newton & Rosa Smith Charitable Trust, 471 So.2d 877 (La.App.2d Cir.1985), writ den., 475 So.2d 1104 (La.1985); Roemer v. Caplis, 369 So.2d 1186 (La.App.2d Cir.1979), writ den., 371 So.2d 620 (La.1979). See also LeSage v. Ellerbee Builders, Inc., 424 So. 2d 282 (La.App. 1st Cir.1982), writ den., 430 So.2d 75 (La.1983). By the same reasoning a mortgage of land includes such mineral rights as are not expressly excepted.
Therefore, the mortgages involved here covered all mineral rights owned by appellants.
Under the doctrine of after acquired title if a vendor sells property he does not own and subsequently acquires title, then title will vest in his vendee. Sabine Prod. Co. v. Guaranty Bank & Trust, 432 So.2d 1047 (La.App. 1st Cir.1983), writ den., 438 So.2d 570 (La.1983).
The doctrine of after acquired title applies in favor of mortgagees. Amonett v. Amis, 16 La.Ann. 225 (N.O.1861); Angichiodo v. Cerami, 35 F.Supp. 359 (W.D.La.1940), affirmed, 127 F.2d 848 (5th Cir.1942). See LSA-C.C. art. 3304.
When one mortgages a thing he does not own and subsequently acquires it the mortgage becomes effective against the thing. Amonett, supra; Angichiodo, supra.
Here the mortgagors executed mortgages covering all mineral rights even though their ownership of the mineral rights was incomplete. They subsequently acquired additional mineral rights, the “operating/revenue interests.” That acquisition innured to the benefit of the mortgagee and the “operating/revenue interests” became subject to the mortgage. These interests were sold to the Bank at the sheriff's sale.
The judgment of the district court is correct and it is affirmed at appellants’ costs.
HALL, C.J., concurs and assigns written reasons.

. The judgment also awarded the funds on deposit in the registry of the court to the Bank subject to payment of certain liens and charges to the operator.

. As Gary and Loretta Riddle have neither appealed nor answered the appeal the judgment is final as to them.