LOTTINGER, Judge.
Commonwealth Life Insurance Company filed this concursus proceeding to determine the ownership of the proceeds of two insurance policies issued to Ben Edward Davidge, a/k/a Ben Eddie Davidge. Named as defendants are: Shirley Martin Davidge (Shirley Davidge), beneficiary on one policy and primary beneficiary on the other policy as well as widow of the deceased; Wilson Alvarez, Jr. (Alvarez), a minor, the contingent beneficiary on one of the policies; and Delores Kaye Bigner Da-vidge, tutrix of the minor, Jennifer Kaye Davidge. From a summary judgment, Shirley Davidge appeals.
FACTS
Commonwealth Life Insurance Company issued two policies to Ben Edward Davidge as owner and insured. Policy number 3278293, a term life policy, was issued in the face amount of $100,000 with an additional accidental death benefit of $50,000. Shirley Davidge was listed as the primary beneficiary, and Alvarez was listed as the contingent beneficiary. Policy number 3679247, an accidental death and dismemberment policy, was issued in a face amount of $15,000, with Shirley Davidge as the sole beneficiary. Ben Edward Davidge died on April 15, 1987, as the result of a gunshot wound. Shirley Davidge was convicted on July 15, 1988, of manslaughter and conspiracy to commit manslaughter of Ben Edward Davidge.
MOTIONS FOR SUMMARY JUDGMENT
Delores Kaye Bigner Davidge, as tutrix of the minor Jennifer Kaye Davidge, and as administratrix of the succession of Ben Edward Davidge, filed a motion for summary judgment dismissing the demands of Shirley Davidge and Alvarez. The summary judgment motion is based on the theory that Shirley Davidge is disqualified as a beneficiary under the provisions of La.R.S. 22:613, and that Alvarez did not have an insurable interest in the life of Ben Edward Davidge.
In opposing the motion for summary judgment, Shirley Davidge also seeks summary judgment arguing that since she is disqualified as a beneficiary under La.R.S. 22:613, if Alvarez is determined not to have an insurable interest in the life of Ben Edward Davidge, she should be awarded one-half of the funds in the registry of the court as the surviving widow, in community, of the deceased.
TRIAL COURT
The trial court granted summary judgment to the extent that it disqualified Shirley Davidge as the beneficiary under both insurance policies; excluded Shirley Da-vidge from recovering one-half of the proceeds of the insurance policies from the former community of acquets and gains, but allowed her one-h'alf of the insurance premiums paid on said policies; and ordered the proceeds of the $15,000 policy, including interest, be paid to the representative of the succession of Ben Edward Da-vidge. The motion for summary judgment as to the contingent rights of Alvarez in policy number 3278293 was denied.
ASSIGNMENT OF ERROR
In appealing, Shirley Davidge contends the trial court erred in denying to her any interest in the proceeds of the insurance policies if they became a part of the estate of Ben Edward Davidge.
DISCUSSION
La.R.S. 22:613 in part provides:
*4 “D. (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits thereunder accruing upon the death, disablement, or injury of the individual insured when said beneficiary, assignee, or other payee is:
(a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured; or
(b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.”
The above statute does not specifically address the issue of whether a disqualified beneficiary can recover an interest in the life insurance benefits through the community of acquets and gains. However, we conclude as did our brethren on the Court of Appeal Fourth Circuit in Succession of Butler, 147 So.2d 684, 686 (La.App. 4th Cir.) writ denied, 244 La. 117, 150 So.2d 584 (La.1963) that:
“it would be illogical and against public policy to hold that the wife, denied recovery of the whole for feloniously killing her husband, yet could recover half as her community interest.”
Therefore, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.