RPITCHER, Judge.
Gerald Hayden and Brenda Hayden (jointly referred to as “the Haydens”) appeal from the granting of a motion for summary judgment in favor of Irene Phillips (Mrs. Phillips). The trial court ruled that Mrs. Phillips’ purchase of the Haydens’ property included the mineral rights. We affirm.
FACTS
Mrs. Phillips and her husband, Charles Phillips, Jr. (Mr. Phillips) sought to purchase the property of the Haydens. The Haydens’ property was known as Lot 8, Greenwell Acres East, East Baton Rouge Parish, with the municipal address of 15912 Greensboro Street, Baton Rouge, Louisiana. The Hay-dens allege that on January 27, 1988, they drafted a purchase agreement with a reservation of mineral rights in their favor. On January 29, 1988, Mr. Phillips made a counter-offer that included additional terms on the Haydens’ January 27 purchase agreement. This counter-offer was silent as to ownership of the mineral rights. The Hay-dens, along with Mr. Phillips, accepted the January 27 purchase agreement with the counter-offer terms, and they agreed to execute the Act of Sale on February 12. The purchase agreement reflects that the mineral rights were to be reserved by the Haydens.
However, Mr. Phillips alleges that he was uncertain as to whether the purchase agreement, along with the counter-offer filed in the record, is the actual document he signed on January 29. In particular, he was uncertain as to whether the document contained a reservation of minerals in favor of the Hay-dens on the date he signed it. Mrs. Phillips’ signature does not appear on the purchase agreement, and according to Mrs. Phillips, she did not sign the purchase agreement and was not present at, nor a participant in, the negotiations of the purchase agreement and counter-offer.
On February 12, 1988, the Haydens, along with Mr. Phillips, signed the Act of Sale. The Haydens contend that the Act of Sale did not contain the purchase agreement term of a reservation of mineral rights on their behalf. The Haydens further contend that 18at this closing, they were assured that no further action was necessary to perfect a reservation of minerals in their favor. Mr. Phillips contends that mineral rights were not discussed at the closing.[1]
The Haydens allege that once they were aware that the Act of Sale did not contain a • reservation of mineral rights, they made informal and formal demand upon Mr. and Mrs. Phillips to comply with the terms of the purchase agreement. On October 30, 1990, the Haydens filed suit requesting that they be recognized as owners of all the minerals on Lot 8, Greenwell Acres East, Subdivision of East Baton Rouge Parish, Louisiana.
On June 30, 1993, Mrs. Phillips filed a motion for summary judgment alleging that there were no genuine issues of material fact as to whether her purchase of the Hayden’s property included the mineral rights. On November 2,1993, the trial court granted the motion for summary judgment in favor of Mrs. Phillips. The Haydens now appeal, specifying five assignments of error, as follows:
1. The court erred in not finding a material issue of fact as to the intent of the parties on the sale of realty, as to whether mineral rights were to be reserved for the *1016 sellers, when the purchase agreement provides that mineral rights will be reserved to the Sellers and the act of sale does not.
2. The court erred in not finding a material issue of fact when some of the witnesses who attended the closing emphatically stated under oath that they remember the sellers receiving verbal assurances that the closing documents would be conformed so that mineral rights were reserved to the sellers, while other witnesses who attended the closing do not remember mineral rights being discussed.
3. The court erred in not finding a material issue of fact as to whether the purchasers intended to defraud the sellers out of the mineral rights, before, during and/or after the closing, when there is sworn testimony of some witnesses to the negotiation process to suggest such intent.
4. The court erred in not finding a material issue of fact as to whether one of the purchasers had the authority to sign the purchase agreement on behalf of the other purchasers, when several facts at least suggest the requisite apparent authority.
I ⅜5. The court erred in not finding a material issue of fact as to whether the sellers had combined superior real estate acumen when one of the purchasers has been compensated as a licensed real estate agent.
SUMMARY JUDGMENT
It is well settled that the granting of a summary judgment is proper only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Lewis v. Diamond Services Corporation, 93-1150, p. 5 (La.App. 1st Cir. 5/20/94); 637 So.2d 825, 828. The burden is upon the mover for summary judgment to show that no genuine issues of material fact exist, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Ledet v. Quality Shipyards, Inc., 615 So.2d 990, 992 (La.App. 1st Cir.1993).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. O’Quinn v. Power House Services, Inc., 633 So.2d 707, 710 (La.App. 1st Cir.1993).
Courts are bound to give legal effect to all written contracts according to the parties’ true intent. Although summary judgment is generally not appropriate to show the intention of the contracting parties, where words of a contract are clear, explicit and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. Horton v. Mobley, 578 So.2d 977, 982 (La.App. 1st Cir.), writ denied, 582 So.2d 1310 (La.1991). It is a fundamental rule of law that a conveyance of land carries with it all of the incidents of ownership, including mineral rights, except such rights as may be expressly reserved. Roemer v. Caplis, 369 So.2d 1186, 1193 (La.App. 2nd Cir.), writ denied, 371 So.2d 620 (La.1979). A landowner may convey, reserve, or lease his right to explore and develop his Island for production of minerals and to reduce them to possession. Such rights must be expressly reserved. LSA-R.S. 31:15; LeSage v. Ellerbee Builders, Inc., 424 So.2d 282, 283 (La.App. 1st Cir.1982), writ denied, 430 So.2d 75 (La.1983).
The Haydens contend that the purchase agreement shows the true intention of the parties, as well as the alleged closing attorney’s statement that nothing further was necessary to perfect the Haydens’ reservation of mineral rights. However, Mrs. Phillips presented evidence which showed that she was not present for the negotiations of the purchase agreement nor did she sign the purchase agreement. In addition, Mrs. Phillips was not present at the closing of the sale when the alleged discussion of mineral rights occurred because she signed the Act of Sale on February 11, 1988, the day before the closing. In the Haydens’ brief to this court, they refer to facts included in deposi *1017 tions and exhibits which were not filed in the record or introduced into evidence in the trial court. Therefore, the facts relied upon in the brief are not properly before the court and cannot be considered by this court as evidence opposing the motion for summary judgment.
The Act of Sale shows a clear and explicit intent of the parties to convey the property to Mrs. Phillips. Clearly, the Act of Sale does not contain any language showing an intent to reserve the mineral rights in favor of the sellers, the Haydens. It is well settled that a conveyance of property carries all incidents of ownership including mineral rights that are not expressly reserved. Within the four corners of the Act of Sale, the mineral rights were unambiguously transferred to Mrs. Phillips. Since the mineral rights were not expressly reserved by Mr. and Mrs. Hayden, the conveyance of the property to Mrs. Phillips included ownership to the mineral rights.
CONCLUSION
|fiFor the foregoing reasons, the judgment of the trial court, granting the motion for summary judgment and dismissing the Hay-dens’ lawsuit against Mrs. Phillips, is affirmed. All costs of this appeal are assessed to the Haydens.
AFFIRMED.

. Mrs. Phillips contends that she was not present at the closing and that she signed the Act of Sale at the attorney’s office, on February 11, 1988, the day before it was executed by the other parties to the contract.