1 iTHIBODEAUX, Judge.
Eland Energy filed a coneursus proceeding pursuant to La.Code Civ.P. art. 4651, et seq., naming Eric G. Loewer, Jr. and his wife, Jane Gilchriest Loewer, Kevin R. Landry, the Farm Credit Bank of Texas, and American Security Bank of Ville Platte, Inc. as defendants. Farm Credit Bank of Texas was subsequently dismissed with prejudice from the proceeding. Eland Energy sought to determine which party was entitled to certain royalties from mineral leases it acquired from MrJjLoewer. The trial court issued a judgment in favor of Mr. Landry, the purchaser of the land to which the leases applied. Defendants, Mr. Loewer and American Security Bank of Ville Platte, appeal that ruling. We affirm.
*986 I.

ISSUES

The issues presented on appeal are whether the trial court erred in: (1) its interpretation of the language “subject to” in the mortgage granted by Mr. Loewer to the Federal Land Bank and (2) assigning all costs of the concursus proceeding to Mr. Loewer and American Security Bank.
II.

FACTS

Initially, Mr. Loewer owned a large tract of land in Vermilion Parish. Between 1959 and 1972 Loewer executed on this property several oil and gas leases, all of which Eland Energy eventually acquired.
In a mortgage dated October 2, 1979, Loewer mortgaged a large portion of his tract of land in Vermilion Parish to Federal Land Bank. The property is described in the Act of Mortgage and is stated to be
SUBJECT TO THE OUTSTANDING OIL, GAS AND MINERAL LEASES (IN WHICH BORROWER NOW OWNS IN EXCESS OF A 50% INTEREST), ASSIGNMENT, AND/OR CONSERVATION ORDER, ALL OF WHICH ARE MORE PARTICULARLY DESCRIBED AS FOLLOWS ...
The mortgage then lists individually each lease and a certain right of way.
In 1991, Farm Credit Bank of Texas, as successor in interest of Federal Land Bank, foreclosed on the 1979 mortgage. As a result of the foreclosure proceeding, Farm Credit acquired 514.75 acres by sheriffs sale. Farm Credit ^subsequently sold the tract to Kevin R. Landry in 1993. The act of sale dated December 9, 1993 included the same “subject to” language contained in all of the other documents pertaining to that tract of land.
Landry, as owner of the 514.75 acre tract in Vermilion, informed Eland in a letter dated July 19,1994 that it was the proper payee of all royalty payments from that company’s leases on his land. In response to the letter, Eland withheld payments to American Security Bank, the payee of the royalties since 1989 at which time the FDIC had transferred to it the assignment of the leases and mineral and royalty interests from First Acadiana, the initial holder.
Eland filed a concursus proceeding in order to determine whether the payments went to American or to Landry. A trial on the merits was held on November 21, 1995. On November 30, the trial judge ruled in favor of Landry. He determined that the 1979 mortgage did not reserve or except Loewer’s mineral rights from the mortgage. Thus, when Landry purchased the tract he acquired the right, title and interest in the minerals. As owner, Landry was held entitled to receive any and all income attributable to the mineral production and/or mineral exploration from the subject property. The court further ordered that the funds in the registry of the court and all future funds attributable to the lessor’s interest under the mineral leases be paid to Landry. Costs were assessed to Loewer and American.
III.

LAW AND DISCUSSION

A. Interpretation of Language “Subject To”
.The portion of the 1979 mortgage which contains the disputed language reads as follows:
J4SUBJECT TO THE OUTSTANDING OIL, GAS, AND LEASES (IN WHICH BORROWER NOW OWNS IN EXCESS OF A 50% MINERAL INTEREST), ASSIGNMENT, AND/OR CONSERVATION ORDERS, ALL OF WHICH ARE MORE PARTICULARLY DESCRIBED AS FOLLOWS:
Following this clause is a list and description of the individual leases and a road right of way. Appellants contend that when Loewer stated that the mortgage was subject to the itemized leases, he excepted or withheld them from the mortgage. The phrase “ ‘subject to’ has been interpreted by the Louisiana courts as the recognition of rights previously in existence rather than as the creation of new rights.” Texaco, Inc. v. Newton & Rosa Smith Charitable Trust, 471 So.2d 877, *987 880 (La.App. 2 Cir.1985). Thus, the “subject to” clause in the mortgage at issue merely served to put interested parties on notice that the listed leases as well as the right of way were in existence. Acknowledging the existence of something cannot be equated to withholding it.
Rosewood Resources, Inc. v. Jonesboro State Bank, 535 So.2d 1083, 1085 (La.App. 2 Cir.1988) stated that “the mortgage of land includes such mineral rights as are not expressly excepted.” Appellants contend that the phrase “subject to” served to withhold from the mortgage the mineral leases executed by Loewer. In fact, appellant American emphatically states that “the phrase ‘subject to’ could have no other discernible purpose.” We do not agree for not only is the use of such a phrase not express, but also as Texaco indicates, such language simply acknowledges existing rights; it does not reserve or except rights.
The trial court, in its written reasons for judgment, refers to three eases, LeSage v. Ellerbee Builders, Inc., 424 So.2d 282 (La.App. 1 Cir.1982), Texaco, Inc. v. Newton & Rosa Smith Charitable Trust, 471 So.2d 877, and Hodges v. Long-Bell Petroleum Co., 240 La. 198, 121 So.2d 831 (1959). Each of these cases supports the trial court’s conclusion that the language “subject to” is not language of reservation. | .¡Appellant Loewer seeks to distinguish the cases relied on by the trial court with this case by pointing out that those cases pertained to sales of land and not a mortgage. This distinction, however, does not affect the interpretation of the “subject to” language which is the issue before us now. Similarly, the fact that the mineral leases had prescribed by 10-year non-use in all of the eases cited by the trial court, whereas in this ease, the mineral leases are still in effect bears no import on the “subject to” language.
Appellants raise the closely related issue of whether the trial court erred in its ruling that Landry is the owner and proper recipient of all income attributable to mineral exploration and production of the property sold to Landry in the sheriffs sale of December 9, 1993. Since we have already determined that the “subject to” language of the 1979 mortgage did not reserve or except any mineral rights, it is abundantly clear that when the property was conveyed to Landry all ownership rights to the minerals also passed to him. As such, the trial court correctly ruled that Landry is the party entitled to receive the royalty payments attributable to the leases described in the 1979 mortgage, including the proceeds deposited in the court’s registry.
B. Costs
Appellant Loewer argues that the trial court abused its discretion in casting all costs of the concursus proceeding against himself and American. This court in American Deposit Ins. Co. v. Walker, 450 So.2d 33 (La.App. 3 Cir.1984) emphasized the fact that although the court is afforded much discretion in apportioning costs, that discretion is limited in a concursus proceeding. One limitation is La.Code Civ.P. art. 4659 which reads as follows:
|6When money has been deposited into the registry of the court by the plaintiff, neither he nor any other party shall be required to pay any of the costs of the proceeding as they accrue, but these shall be deducted from the money on deposit. The court may award the successful claimant judgment for the costs of the proceeding which have been deducted from the money on deposit, or any portion thereof, against any other claimant who contested his right thereto, as in its judgment may be considered equitable.
In all other instances, the court may render judgment for costs as it considers equitable.
Because Eland placed the disputed royalty payments in the court’s registry, costs must be deducted from the amount deposited. According to Article 4659, the court may award judgment to the successful claimant for the costs against any claimant who contested his entitlement to the money on deposit. The trial court levied the costs of the proceeding against Loewer and American. We construe this to mean that the costs are to be deducted from the funds deposited by Eland and judgment for the costs is awarded to Landry, *988 as the successful claimant, and against Loewer and American for 50% each of the costs.
IV.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are ordered deducted from the funds on deposit and a judgment is awarded to Kevin R. Landry and against Eric G. Loewer, Jr. and American Security Bank of Ville Platte, Inc. for 50% each of the costs.
AFFIRMED.